409 So.2d 266 (1982)
STATE of Louisiana.
v.
George REED.
No. 81-KA-1636.
Supreme Court of Louisiana.
January 25, 1982.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Ossie Brown, Dist. Atty., John Sinquefield, Joseph Lotwick, Kay Kirkpatrick, Asst. Dist. Attys., for plaintiff-appellee.
Alex Wall, of Avant, Wall, Thomas, Riche & Falcon, Baton Rouge, for defendant-appellant.
JASPER E. JONES, Justice Ad Hoc.[*]
On December 10, 1980, George Reed pled guilty to forcible rape in violation of LSA-RSA. *267 R.S. 14:42.1, and on March 30, 1981 he was sentenced to fifteen years imprisonment to be served at Hunt Correctional Center with two of those years to be without benefit of probation, parole or suspension of sentence.
On appeal Reed raised one assignment of error which asserts that his sentence is excessive and in violation of LSA-Const.Art. 1, § 20.[1]
This court may review sentences for possible excessiveness under its appellate jurisdiction. State v. Sepulvado, 367 So.2d 762 (La.1979). A sentence is unconstitutional when it is grossly out of proportion to the severity of the offense or when it is nothing more than the purposeless and needless imposition of pain and suffering. In determining whether a penalty is grossly disporportionate this court considers the punishment and the crime in light of the harm caused to society and determines whether the penalty is so disproportionate as to shock the sense of justice. State v. Bonanno, 384 So.2d 355 (La.1980).
We begin by noting that appellant's fifteen year sentence is considerably less than one-half the statutory maximum penalty of forty years for forcible rape.[2] That does not end our inquiry because a sentence may be both within the statutory limits and constitutionally excessive. State v. Sepulvado, supra; State v. Daranda, 398 So.2d 1053 (La.1981).
Our review of the sentence must take into consideration the trial judge's wide discretion in imposing sentences within the statutory limits and that such a sentence should not be disturbed as excessive absent manifest abuse of discretion. Sepulvado; Daranda; supra.
Here appellant contends that his sentence is excessive and, therefore, unconstitutional under LSA-Const.Art. 1, § 20. Appellant claims that the trial judge failed to give proper weight to certain mitigating factors in imposing sentence. He relies on State v. Roussel, 381 So.2d 796 (La.1980), where this court rejected a contention that a twelve year sentence was excessive in a forcible rape case under the following facts. The victim in Roussel picked up a hitchhiker who then took control of her car and drove to a deserted area. Once there the offender threatened to kill the victim and then raped her. Before releasing the victim the man threatened reprisals should she contact the police. The only mitigating circumstance in Roussel was that it was the defendant's first felony offense.
These are the facts of the instant case. The defendant entered a neighbor's home causing her to arm herself with a knife in order to defend herself. Reed was able to take the knife from the victim. He then told her he had come to rape her and was not going to leave until he had done so. The victim ceased resisting once the defendant got her knife. Reed placed the knife on the floor and raped the victim.
At the time of the rape Reed was somewhat intoxicated[3] and the district judge felt that he might not have committed the rape otherwise. This was also Reed's first felony offense. Opposed to these mitigating *268 factors were the trial judge's opinions that appellant was in need of correctional treatment in a custodial environment and that any lesser sentence would deprecate the seriousness of the offense. Based on a consideration of those factors the trial judge imposed the fifteen year sentence.
The trial judge took into consideration that the defendant had several prior misdemeanor convictions, including simple battery, simple arson, and possession of marijuana. The trial judge recognized that the defendant had a long history of using drugs and alcohol and that those addictions contributed to his criminal activities. Even though the appellant's culpability is somewhat lessened by the fact that he was under the influence of alcohol and drugs at the time he committed the offense, these mitigating factors do not detract from the serious nature of the crime and the penalty imposed is not disproportionate to the serious crime committed. Further, the sentence is not a purposeless and needless imposition of pain and suffering considering the trial judge's finding that appellant is in need of custodial correctional treatment.[4]
Finally, we recognize that we here approve a fifteen year sentence for a defendant probably no more culpable than the one in Roussel who received only twelve years. This does not, however, place today's decision in conflict with Roussel. The trial judge in each case had wide discretion in the imposition of the sentence. The Roussel decision holds that the twelve year sentence there imposed was not excessive. The Roussel decision does not hold that any greater penalty would have been excessive, only that the penalty actually imposed was not excessive.
There was no abuse by the trial judge in imposing this sentence. For the foregoing reasons the defendant's sentence is AFFIRMED.
NOTES
[*] The Honorables Pike Hall, Jr., Charles A. Marvin, Jr. and Jasper E. Jones, Judges of the Court of Appeal, Second Circuit, participated in this decision as Associate Justices ad hoc, joined by Associate Justices John A. Dixon, Jr., Chief, Walter F. Marcus, Jr., Fred A. Blanche, Jr., and Harry T. Lemmon.
[1] La.Const.Art. 1, § 20-No law shall subject any person to euthanasia, to torture, or to cruel, excessive, or unusual punishment. Full rights of citizenship shall be restored upon termination of state and federal supervision following conviction for any offense.
[2] LSA-R.S. 14:42.1-Forcible rape is a rape committed where the anal or vaginal sexual intercourse is deemed to be without the lawful consent of the victim because the victim is prevented from resisting the act by force or threats of physical violence under circumstances where the victim reasonably believes that such resistance would not prevent the rape.

Whoever commits the crime of forcible rape shall be imprisoned at hard labor for not less than two nor more than forty years. At least two years of the sentence imposed shall be without benefit of probation, parole, or suspension of sentence.
[3] Reed had apparently used both Quaalude and Preludin in the afternoon of the day preceding the early morning hours rape. The trial judge noted that even though the defendant was under the influence of drugs and alcohol, he knew what he was doing at the time of the rape.
[4] The trial judge's factual characterizations of the aggravating and mitigating circumstances are entitled to great weight. State v. Sepulvado, 367 So.2d 762 (La. 1979).