430 So.2d 1286 (1983)
STATE of Louisiana
v.
Lincoln LEWIS.
No. 82 KA 0862.
Court of Appeal of Louisiana, First Circuit.
April 5, 1983.
Writ Denied June 10, 1983.
*1287 Ossie B. Brown, Dist. Atty. by Thomas Damico, Asst. Dist. Atty., Baton Rouge, for plaintiff-appellee.
Leon Jackson, Asst. Public Defender, Baton Rouge, for defendant-appellant.
Before LOTTINGER, COLE and CARTER, JJ.
COLE, Judge.
The issue in this rape case is whether or not the trial court's sentence is excessive. For the reasons below, we affirm the sentence imposed by the trial court.
On November 4, 1979, defendant Lincoln Lewis forced his way into the victim's apartment. At that time the victim was a 20 year old single woman. During the next *1288 two and a half hours the defendant forcibly raped the victim three times, forced her to submit to oral sex four times, and forced her to perform oral sex five times.
Defendant was thereafter indicted by a grand jury for forcible rape (count I), aggravated burglary (count II), and aggravated crime against nature (count III). These offenses are violations of La.R.S. 14:42.1, 60 and 89.1, respectively. After entering a plea of not guilty defendant was tried by a jury and found guilty as charged. The trial court sentenced the defendant to 40 years on the rape charge and to 30 years on the burglary charge, such sentences to run concurrently. In addition, the court imposed a 10 year sentence for the crime against nature charge and this sentence was to be served consecutively. All sentences were to be served at hard labor; and without benefit of probation, parole or suspension of sentence as to the rape and burglary.
Defendant appealed his conviction to the Supreme Court. The Supreme Court affirmed the conviction but vacated the sentences imposed and remanded for a resentencing. The reasons given for the vacating and remanding are as follows: The trial judge did not adequately state the considerations and factual basis for his sentence as required by La.Code Crim.P. 894.1 in that there was no indication he considered the mitigating factors present. Further, there was no justification for the imposition of consecutive sentences and the trial court was mistaken in its belief that the defendant was armed during the commission of the crimes. State v. Lewis, 416 So.2d 921 (La.1982). Upon remand, the trial court articulated reasons for the sentences imposed and reinstated the original sentences. Defendant now appeals, alleging as his sole assignment of error that the sentences imposed are excessive.
Defendant contends the sentences imposed are excessive because of their duration and because one of the three sentences imposed was made consecutive rather than concurrent. We will first consider the excessiveness of the sentences in terms of duration.
Defendant received the maximum sentences on the rape and burglary convictions, i.e., 40 and 30 years respectively. He received two-thirds of the maximum sentence on the crime against nature conviction, i.e., 10 years out of a possible 15.
The imposition of an excessive sentence is prohibited by Louisiana Constitution of 1974, art. 1, § 20. A trial judge has great discretion in imposing a sentence within the statutory limits and it will not be set aside as excessive in the absence of manifest abuse of discretion. State v. Lanclos, 419 So.2d 475 (La.1982); State v. Washington, 414 So.2d 313 (La.1982). Yet even a sentence falling within the applicable statutory limits may constitute excessive punishment. State v. Reed, 409 So.2d 266 (La.1982); State v. Sepulvado, 367 So.2d 762 (La.1979).
Generally, a sentence is considered excessive if it is grossly disproportionate to the severity of the crime, or is nothing more than the needless imposition of pain and suffering. State v. Reed, supra; State v. Guiden, 399 So.2d 194 (La.1981), cert. denied, 454 U.S. 1150, 102 S.Ct. 1017, 71 L.Ed.2d 305 (1982). A sentence is considered grossly disproportionate if, when the crime and punishment are considered in light of the harm done to society, it is so disproportionate as to shock the sense of justice. State v. Reed, supra.
The type of factors which should be considered by a trial court before the imposition of a sentence on a particular offender include the offender's personal history, his prior criminal history, the seriousness of the crime, the circumstances of the offense, the likelihood defendant will commit another crime, and his potential for rehabilitation. State v. Trahan, 412 So.2d 1294 (La.1982); State v. Jackson, 360 So.2d 842 (La.1978). The imposition of the maximum sentence possible under a statute is *1289 appropriate only in cases involving the most serious violations of that statute and the worst offenders. State v. Lanclos, supra; State v. Jones, 398 So.2d 1049 (La.1981).
At the resentencing hearing the trial court clearly articulated its reasons for imposing the particular sentence as follows:
"The Court previously and now considers the following factors in imposingreimposing sentence: first, these crimes were extremely degrading and violent and of an extended duration; second, the victim was a young, innocent, Christian girl; third, a lesser sentence for any of these crimes would not have any effect or make any impression on this offender with the seriousness of each of the offense that he's guilty of, offenses he's guilty of; fourthly, the victim suffered severe emotional and physical trauma as a result of these crimes; fifthly, the victim was a total stranger to this offender and did not in any way encourage or provoke the crimes committed; sixthly, this defendant, this offender has never indicated any type of remorse for what he is guilty of."
Defendant contends certain mitigating circumstances should entitle him to a lesser sentence. The trial court considered such circumstances but did not find that they merited a reduction in sentence. We quote the court from the transcript of the resentencing hearing.
"This Court states for the record that before the previous sentence or sentencing, rather, of the defendant, the Court did consider all relevant mitigating factors presented to the Court, the fact that the offender was employed briefly at approximately the time of the offense, including that fact, including the fact that the offender was employed previously for a brief period of time at approximate time of the offense. However, the record further indicates that this offender had only been employed for approximately three months prior to his arrest, during which time he was frequent, frequently absent from work. The Court did not then and does not now feel that this factor is sufficient to mitigate the severity of the crimes the accused is guilty of. The fact that the defendant is technically a first felony offender was also considered in giving concurrent sentences on the two more serious charges rather than making them consecutive."
We are in complete agreement with the trial court. The sentences imposed were in no way "grossly out of proportion to the severity of the crime." Defendant's actions were brutal, violent, demeaning, prolonged and performed repeatedly over a several hour period. The effects of his criminal acts will no doubt leave an indelible scar upon his innocent victim. The maximum sentences for the forcible rape and aggravated burglary convictions were justified by these circumstances and the fact that the defendant was a first time offender and was briefly employed at the time of the offense do little to mitigate the atrocity of the crimes. We further find no excessiveness in the ten year sentence for the aggravated crime against nature in light of these facts. Therefore, we find no abuse of discretion in the court's sentences.
We now consider the excessiveness of the sentences insofar as the sentence for the crime against nature conviction was made to run consecutive rather than concurrent to the other sentences.
Concurrent rather than consecutive sentences are the usual rule for convictions arising out of a single course of criminal conduct, at least where the offender has no previous criminal record and there is no showing that public safety requires a longer sentence. La.Code Crim.P. 883; State v. Jett, 419 So.2d 844 (La.1982); State v. Molinario, 400 So.2d 596 (La.1981). However, consecutive sentences are not automatically considered excessive simply because they are imposed for convictions arising out of a single course of criminal conduct, since other factors should be considered in making this determination. State v. Jett, supra. Nevertheless, the imposition of consecutive sentences for convictions arising out of a *1290 single course of criminal conduct requires particular justification. State v. Lewis, supra.
In his original sentencing, the trial judge provided no justification for the imposition of the consecutive sentences upon defendant. Upon remand from the Supreme Court, the trial judge stated:
"The Court feels that the concurrent sentences are due on the rape and burglary charges but that the severity of the crimes and the harm caused the victim merit the ten-year consecutive sentence for the aggravated crime against nature. There was evidence presented of at least eight or nine acts of this nature constituting this charge. The Court, therefore, feels that a separate consecutive sentence is warranted by the evidence concerning these matters."
Again, we find no abuse of discretion. The multiplicity of the acts, as noted in the trial judge's reasons, provide sufficient justification for the imposition of the consecutive sentence on defendant's aggravated crime against nature conviction. The nature of these offenses, the violence displayed therein by defendant and his apparent lack of remorse indicate dangerous propensities on his part which pose a risk to public safety. See State v. Jett, supra. Consecutive sentences are justified when, as here, the offender poses an unusual risk to public safety. Id. Accordingly, the imposition of this consecutive sentence was justified and not an abuse of the trial judge's discretion.
Therefore, for these reasons, the sentences imposed by the trial court are affirmed.
AFFIRMED.
LOTTINGER, COLE and CARTER, Judges specially concurring.
CARTER, Judge.
We concur in the result reached in this case but do not adhere to the proposition that this court has jurisdiction to review criminal sentences to determine if the sentences are excessive except as provided for in LSA-C.Cr.P. art. 878.[1]
Although we are not unmindful of State v. Sepulvado, 367 So.2d 762 (La.1979) and State v. Cox, 369 So.2d 118 (La.1979) and our obligation to follow these cases, we are of the opinion that these cases are in error and that Article 1, Section 20 of the Louisiana Constitution of 1974 should not be applicable to a particular sentence within statutory limits. We share the views of Justice Marcus as set forth in his dissenting opinions in Sepulvado, supra, and Cox, supra. The appropriate review by an appellate court is whether under Article 1, Section 20 of the Louisiana Constitution of 1974, a law subjects any person to cruel, excessive, or unusual punishment and not whether a sentence in a particular case is excessive.
We are in complete agreement with Justice Ad Hoc Charles A. Marvin's dissenting opinion in State v. Tilley, 400 So.2d 1363 (La.1981)[2]. Justice Ad Hoc Marvin stated:
"In the sentencing process, if the trial court says too little, this court vacates the sentence and directs the trial court to follow the guidelines of C.Cr.P. 894.1. Here the same result is reached, not because the trial court said too little, but because the trial court said too much.
"While I must accept this court's declaration of its authority to determine whether a sentence is excessive, I have difficulty believing that either the electorate or the delegates to the constitutional convention intended such a result by the language of Art. 1, § 20, La. Constn.:

`No law shall subject any person to ... excessive ... punishment. * * * ' Emphasis supplied.
"I would rather believe that this language means that the electorate was authorizing *1291 the judiciary to strike down laws in which the legislature imposed a sentence which was highly disproportionate and constitutionally out of reasonable connexity to the severity of the crime, e.g., `whoever commits the crime of burglary shall be sentenced to imprisonment at hard labor for not less than 30 years and not more than 50 years without probation, parole or suspension of sentence.'
"Moreover, under our legal system, with all of its imperfections, the people have seen fit either to determine for themselves by constitutional declaration, or to empower their legislators to determine, what punishment shall be imposed for particularly described criminal conduct. The judiciary and the executive have certain correlative powers of review, pardon, and commutation, but the legislative crime and punishment power exclusively belongs to the people or their legislators.
"I am also satisfied that the Legislature has acted within its power in generally categorizing adult and juvenile offenses and that it is not constitutionally impermissible to subject a person over the age of 17 years to the adult process. As the majority states, the Legislature has not made age a specific guideline in C.Cr.P. 894.1, although a trial judge may consider age or other unstated factors in determining the sentence to be imposed in the individual case...." 400 So.2d 1368, 1369
"Sentences, verdicts, money awards, and other results in our legal system vary with the peculiar facts of the individual case and with the vagaries of the human and individual trier of fact. Seven, or any number of, judges may each impose a different sentence under the circumstances of this case, all of which could be within the range of discretion afforded by law and which could be upheld as not abusive of that discretion. Our state's legal system provides for such varying results from parish to parish, from judge to judge, from individual to individual, because this `justice' is purposely designed to be rendered in the trial courts and not uniformly by one body statewide." 400 So.2d 1369, 1370.
Prior to Sepulvado, the constitutional scheme established to provide punishment for crime required that the Legislative Branch proscribe the conduct in question and fix the limits of sentence (punishment). Art. III, Sec. 1, Louisiana Constitution of 1974; the Judicial Branch determines guilt or innocence and appropriate punishment within statutory limits where applicable (Art. V, Sec. 1, Louisiana Constitution of 1974); and that if there were abuse by either of the other branches, redress could be had from the Executive Branch through the powers of pardon, commutation, reprieve and remission (Art. IV, Sec. 5(E), Louisiana Constitution of 1974). State v. Johnson, 363 So.2d 458 (La.1978); State v. Hatter, 338 So.2d 100 (La.1976); State v. Frank, 310 So.2d 110 (La.1975). Thus established was a system of checks and balances involving all three branches of State government. The State's power to punish was divided and a concentration and possible abuse of power was avoided. A sentence would not be set aside by the appellate courts on the ground that it inflicted cruel and unusual punishment unless the statute under which it was imposed was found to be unconstitutional.
Article 878 of the Louisiana Code of Criminal Procedure provides as follows:
"A sentence shall not be set aside on the ground that it inflicts cruel or unusual punishment unless the statute under which it is imposed is found unconstitutional."
Article 878 has not been amended, repealed or otherwise declared ineffective.
In Sepulvado, a majority of the Supreme Court determined that Art. 1, Sec. 20 of the Louisiana Constitution of 1974 authorized appellate review of individual sentences for excessiveness. The keystone of this holding was the history of this provision at the *1292 Constitutional Convention of 1973. See State v. Sepulvado, supra and State v. Williams, 340 So.2d 1382 (La.1976). The history of this provision on the convention floor may be found at Vol. VII, Records of the Louisiana Constitutional Convention of 1973; Convention Transcripts, pages 1189 to 1203 on September 8, 1973 and Vol. 1, Records of the Louisiana Constitutional Convention of 1973: Journal of Proceedings, pages 456 to 459 on September 8, 1973.[3]
As originally introduced, Article 1, Section 20 provided in pertinent part that "No person shall be subjected to euthanasia, torture or cruel, unusual or excessive punishments or treatments, ..." Obviously, the language that "no person shall be subjected to excessive punishment" would authorize appellate review of sentences in individual cases. However, the language was subsequently amended from "No person shall be subjected to excessive punishment" to "No law shall subject any person to excessive punishment" clearly effecting a substantive change. The floor debates and history of Article I, Section 20 in our opinion support the interpretation urged by Justice Marcus. We cannot agree with the argument that adding the word "excessive" makes a substantial change in the law, but that changing "no person" to "no law" does not.[4]
Since we are of the opinion that the Louisiana Constitution of 1974 contains no authority for an appellate court to review a particular sentence within statutory limits, an examination of LSA-C.Cr.P. art. 894.1 is appropriate.
We are of the opinion that it was not the design or purpose of the legislature in enacting LSA-C.Cr.P. art. 894.1 for this article to be used in the manner presently applied. Certainly, the legislative design was to individualize sentences to the particular accused. We do not believe that the legislature intended this article as a straight jacket for the trial judge; nor did *1293 it intend to effect a total and absolute change in our state legal system of sentences varying from parish to parish, from judge to judge, from individual to individual with justice purposely designed to be rendered in the trial courts and not uniformly by one body statewide. If the legislature had intended the latter, would it not have clearly and unequivocally repealed art. 878 of the Louisiana Code of Criminal Procedure which expressly provides that a sentence cannot be set aside on the ground that it reflects cruel or unusual punishment unless the statute under which it is imposed is found unconstitutional?
We agree that seeking equal justice under the law is an extremely worthwhile goal. Louisiana: Priorities for the Future, p. 77 (1980). However, in our opinion, it is highly debatable as to whether appellate review of sentences will help to ensure equal justice. If, however, there is to be appellate review of sentences in Louisiana, the procedure for such should be established by the legislative branch of government.[5] Also, remanding for re-sentencing with the subsequent appeal attendant thereto is judicially inefficient.[6]
It is our opinion that the present system of only reviewing for excessiveness and not for inadequacy is also inherently and basically unfair. To be fair to the State (and thus the People) and to the defendant, if there is appellate review of individual sentences for excessiveness, there also should be appellate review for inadequacy. Art. I, Section 1, Louisiana Constitution of 1974. Further, if appellate courts are to have the jurisdiction and authority to effect a re-sentencing, this should be accomplished by the legislature. If sentencing by appellate courts is authorized by the legislature, appellate courts would then have the authority to exercise the courage of their convictions and impose an appropriate sentence whenever their conclusion as to what is fair and just is in disagreement with that of the trial judge. However, until the legislature takes this action, our opinion continues to be as hereinabove set forth. As appellate court judges, we are free to disagree with the conclusion of the Louisiana Supreme Court, but we are not, however, free to disregard the rulings and opinions of the Louisiana Supreme Court on constitutional and other legal issues.
We are in complete agreement with the concurring opinion of Chief Judge Domengeaux of the Third Circuit Court of Appeal in State v. Goodman, supra, where he stated:
"Our Constitution simply does not allow judicial review of sentences when those sentences fall within the purview set by the respective criminal statute, and the referred to cases which say that it does, should now be overruled by our Supreme Court."
Accordingly, we respectfully concur.
NOTES
[1] LSA-C.Cr.P. art. 878 provides as follows:

"A sentence shall not be set aside on the ground that it inflicts cruel or unusual punishment unless the statute under which it is imposed is found unconstitutional."
[2] Judge Charles A. Marvin of the Court of Appeal, 2nd Circuit participated in the decision as Associate Justice Ad Hoc by assignment of the Louisiana Supreme Court.
[3] Chief Judge Domengeaux of the Third Circuit Court of Appeal has an excellent review of the Legislative history of Article I, Section 20 of the La. Const. of 1974 in his concurring opinion in State v. Goodman, 427 So.2d 529 (La.App. 3rd Cir.1983).
[4] Chief Judge Domengeaux's concurring opinion in State v. Goodman, supra, set forth:

"I agree with the dissenting Justices in Sepulvado, supra; State v. Tilley, 400 So.2d 1363 (La.1981), and State v. Touchet, 372 So.2d 1184 (La.1979), and consider that our review should be limited to whether the `law' subjects any person to excessive punishment, and not to whether a sentence in a particular case is excessive. To reason otherwise is to ignore all accepted concepts of statutory interpretation and constitutional construction.1
La.C.C. Article 13 provides:
`When the law is clear and free from any ambiguity, the letter of it is not to be disregarded, under the pretext of pursuing its spirit.'
La.C.C. Article 14 further provides:
`The words of a law are generally to be understood in their most usual signification without attending so much to the niceties of grammer rules as to the general and popular use of the words.'
"In the eyes of this writer Louisiana Constitution Article 1, Section 20, 1974, is so clear and unambiguous that it lends itself to but one interpretation. Under this Article there can be no doubt that our appellate courts are limited to a review of `laws' in which the Legislature imposed a sentence which was highly disproportionate and constitutionally out of reasonable connexity to the severity of the crime, and not to the individual sentences themselves. Any contrary holding can only be achieved by disregarding rules of statutory interpretation set forth in Articles 13 through 20 of the Louisiana Civil Code. The Constitutional provision, among other things, provides clearly and unambiguously that no law shall subject any person to excessive punishment. How much clearer can that language be? In such a case we should not decide constitutional questions on the basis of the debates of the delegates, nor processes designed to seek out a contrary intent of those delegates. This admonition is very aptly set out by our Supreme Court in the case of Bank of New Orleans and Trust Company v. Seavey [383 So.2d 354 (La.1980)], supra, at footnote 1.
"However, assuming arguendo that Article 1, Section 20 might lend itself to a different interpretation, which I vehemently deny, I sugest the interpretation reached by the Sepulvado Court is in direct conflict with the intent of the Article's enactors, and violates the above cited civilian rules of statutory interpretation." (Footnote omitted)
[5] Article II, Secs. 1 and 2 of the Louisiana Constitution of 1974 provides:

§ 1. Three Branches
"The powers of government of the state are divided into three separate branches: legislative, executive and judicial."
§ 2. Limitations on Each Branch
"Except as otherwise provided by this constitution, no one of these branches, nor any person holding office in one of them, shall exercise power belonging to either of the others."
[6] In State v. Telsee, 425 So.2d 1251 (La.1983), the Supreme Court stated: "that under the circumstances of this case a further remand for compliance with La.C.Cr.P. art. 894.1 would entail a pointless waste of judicial and legal resources", and then imposed sentence in accordance with its conviction. We are not in agreement with Telsee because we are unaware of any legislative authority for an appellate court to impose a sentence in a criminal case. Article 882 of the La.C.Cr.P. provides:

"An illegal sentence may be corrected at any time by the court that imposed the sentence." (Emphasis by the court).
Therefore, it is our view that under present legislation even if a sentence is determined to be illegal, it should be remanded to the trial court to be corrected.