DOMENGEAUX, Judge.
The defendant, Jerry A. Dickinson, entered a plea of guilty to four counts of felony theft, a violation of La.R.S. 14:67 and one count of simple criminal damage to property, a violation of La.R.S. 14:56. These charges resulted from the defendant having been involved in a scheme with other co-conspirators to steal oil field equipment. The value of one of the items stolen was approximately $350,000.00. After a presentence investigation report the trial court sentenced the defendant to seven years at hard labor on each of the theft charges and one year at hard labor on the simple criminal damage to property charge. The court however decreed that all sentences were to run concurrently.
Defendant has appealed and alleges the following specification of error: “The sentence rendered by the honorable trial court is excessive and in violation of defendant’s right to due process and equal protection of the law as specified in the 1974 Constitution of the State of Louisiana, Article 1, Section 2 and Section 20, and Louisiana Code of Criminal Procedure Articles 894.1, 895, and 895.1.”
Initially, we note that the trial court complied with the sentencing guidelines of La. C.Cr.P. Art. 894.1. In imposing the sentence the trial judge specifically stated that he had followed the guidelines from Article 894.1, and we conclude that he did. The trial judge further gave extensive reasons for imposing the sentence. Our review of the record satisfies us that the trial court did not abuse its discretion or impose constitutionally excessive sentences.
As to determining what is excessive punishment under the United States’ Eighth Amendment’s prohibition against cruel and unusual punishment, the Louisiana Supreme Court in State v. Sepulvado, 367 So.2d 762 (La.1979), decided that the imposition of a sentence, even though within the statutory limits, may be unconstitutionally excessive in violation of Article 1, Section 20, of the Louisiana Constitution of *108 1974.[1] A sentence has been determined to be excessive punishment when the penalty is so disproportionate to the crime as to shock the senses of justice or if it is nothing more than the purposeless and needless imposition of pain and suffering. State v. Reed, 409 So.2d 266 (La.1982); State v. Goodman, 427 So.2d 529 (La.App. 3rd Cir. 1983). However, due to the trial judge’s unique advantage of viewing subjective factors not available from the appeal record, he is given wide discretion in the imposition of sentences within statutory limits, and a sentence imposed by him should not be set aside as excessive in the absence of manifest abuse of this discretion. Sepulvado, and Goodman, supra; State v. Forshee, 395 So.2d 742 (La.1981).
The trial judge having the benefit of a presentence investigation report determined that the defendant had previously been convicted of a felony under the laws of the State of Mississippi. The court also pointed out that the defendant had an additional misdemeanor conviction on his record. The court went on to point out that it was convinced that under- the sentencing guidelines the defendant was in need of correctional treatment which could best be provided by incarceration in an institution. The trial court secondly determined that any lesser sentence would tend to deprecate the seriousness and multiplicity of the crimes which the defendant had committed and further pointed out the significant value of the items that were the subject of the theft.
We are unable to find any manifest error. The trial judge followed the sentencing guidelines and gave extensive reasons for the sentence imposed. Further, the sentence is within statutory limits and follows the defendant’s guilty plea to serious crimes. Therefore we will not disturb this sentence on appeal.
DECREE
For the above and foregoing reasons defendant’s sentence for the crimes of felony theft and simple criminal damage to property are affirmed.
AFFIRMED.

. The author of this opinion is compelled to again state his position as to appellate review of sentences for excessiveness. Our state constitution does not provide for nor does it mandate judicial review of sentences which fall within the limits set by the respective criminal statutes. See State v. Goodman, 427 So.2d 529 (La.App. 3rd Cir.1983), concurring opinion at 529; State v. Vallare, 430 So.2d 1336 (La.App. 3rd Cir. 1983), concurring opinion at 1339, writ denied, 433 So.2d 729 (La.1983). See also State v. Shelby, 438 So.2d 1166 (La.App. 3rd Cir.1983), concurring opinion at 1169; see also State v. Rainwater, 457 So.2d 1280 (La.App. 3rd Cir. 1984), concurring opinion at 1282.