EDWARDS, Judge.
Cheryl Ford pleaded guilty to a reduced charge of first degree robbery, a violation of LSA-R.S. 14:64.1,* and was sentenced to thirty years at hard labor without benefit of parole, probation, or suspension of sentence. She appealed, alleging as her sole assignment of error that her sentence is excessive, because she was given almost the maximum sentence allowed for first degree robbery. She contends that the trial court erred in failing to comply with the sentencing guidelines of LSA-C.Cr.P. art. 894.1.
Article 1, Section 20, of the Louisiana Constitution of 1974 prohibits the imposition of excessive punishment. A sentence within statutory limits may still violate a defendant’s constitutional right against excessive punishment, and so is subject to appellate review. State v. Sepulvado, 367 So.2d 762 (La.1979). Generally, a sentence is considered excessive if it is grossly disproportionate to the severity of the crime or is nothing more than the needless imposition of pain and suffering. A sentence is considered grossly disproportionate if, when the crime and punishment are considered in light of the harm to society, it is so disproportionate as to shock one’s sense of justice. State v. Reed, 409 *222 So.2d 266 (La.1982). A trial court is given wide discretion in the imposition of sentences within statutory limits, and the sentence imposed by it should not be set aside as excessive in the absence of manifest abuse of discretion. State v. Lanclos, 419 So.2d 475 (La.1982).
LSA-C.Cr.P. art. 894.1 sets forth items which must be considered by the trial court before passing sentence. The trial court need not recite the entire checklist of article 894.1, but the record must reflect that it adequately considered the guidelines. State v. Davis, 448 So.2d 645, 653 (La.1984). In light of the criteria expressed by article 894.1, a review of the individual sentence should consider the circumstances of the crime and the trial court’s stated reasons and factual basis for its sentencing decision. State v. Cox, 369 So.2d 118 (La.1979).
In this case, the trial court ordered a presentence investigation report which reflects that defendant participated in the armed robbery of Dr. Stanley Peters, an elderly, disabled veterinarian. Dr. Peters was bound and repeatedly stabbed with a large pair of shears during the robbery. In imposing sentence, the trial judge stated that he had considered defendant’s lack of a significant criminal record and her cooperation with the district attorney’s office as mitigating factors. The trial judge also considered the fact that defendant actively participated in a robbery which caused grave physical, emotional, and economic harm to the elderly, disabled victim. In addition, defendant demonstrated a violent nature and showed no remorse for her conduct. The trial judge further noted that defendant benefited from a plea bargain resulting in a reduction of the original charge and concluded that a lesser sentence would deprecate the seriousness of the crime.
While not controlling, it is relevant that the state agreed to reduce the charge from armed robbery, which carries a penalty of up to ninety-nine years imprisonment, to first degree robbery, which carries a penalty of up to forty years imprisonment (both without benefit of parole, probation, or suspension of sentence). When a defendant plea bargains, the court may consider the fact that the sentence imposed is vastly less severe than the sentence faced under the original charges. See State v. Smack, 425 So.2d 737 (La.1983).
We cannot say that the sentence imposed is excessive under the circumstances. The trial judge fully considered the range of sentencing alternatives and individualized the sentence imposed on the defendant for the particular crime involved. This assignment of error is without merit. Accordingly, for the above reasons, the conviction and sentence are affirmed.
AFFIRMED.

 We note that the amended bill of information fails to include the statutory designation for first degree robbery. However, error in the statutory citation shall not be grounds for dismissal or for reversal of a conviction if the error or omission did not mislead the defendant to her prejudice. LSA-C.Cr.P. art. 464. At no time did defendant express any doubt as to the nature of the amended charge, nor object to the format of the information. We find defendant was not misled by omission of the statutory citation.