2CARTER, C.J.
The defendant, Adam Joseph May, was charged by bill of information with fourth offense driving while intoxicated, a violation of LSA-R.S. 14:98. He pled guilty and was sentenced to ten years at hard labor. Five years of the sentence were suspended. The five years that were not suspended were imposed without benefit of parole, probation, or suspension of sentence. The court ordered that after the defendant served five years with the Department of Public Safety and Corrections, he then be placed on five years supervised probation subject to certain special terms and conditions. The defendant moved for reconsideration of sentence, but the motion was denied. He now appeals, designating two assignments of error.
FACTS
Due to the defendant’s guilty plea, there was no trial and no testimony concerning the defendant’s crime. However, the State set forth a factual basis for the instant charge against the defendant at his Boykin hearing. In response to questioning from the court, the defendant indicated that he agreed with the State’s statement of the factual basis. Further, a pre-sen-tence investigation report (PSI) was prepared in the instant matter.
The State set forth that on April 23, 1997, two law enforcement officers observed the defendant “weaving very badly” as he drove on Interstate 10 in Baton Rouge. The defendant was driving his vehicle onto the shoulder and then entering back onto the highway. When the *791 defendant exited his vehicle after being stopped by police, his speech was slurred, and he smelled heavily of alcohol. After being advised of his rights, the defendant consented to a field sobriety test. He performed poorly on the test. After the defendant admitted that he had been drinking, he was given his rights concerning an intoxilyzer test, and he agreed to take the test. His blood registered .15 grams percent alcohol. In addition to setting forth the above factual basis, the State introduced documentation concerning three separate guilty pleas previously entered by- the defendant to driving while intoxicated.
EXCESSIVE SENTENCE
In assignment of error number one, the defendant contends the trial court erred in imposing an excessive sentence upon him. In assignment of error number two, the defendant contends the trial court erred in denying his motion to reconsider sentence. |3The defendant briefs both assignments together, arguing that his sentence was unconstitutionally excessive.
Article I, Section 20, of the Louisiana Constitution of 1974 prohibits the imposition of excessive punishment. Although a sentence may be within statutory limits, it may violate a defendant’s constitutional right against excessive punishment and is subject to appellate review. State v. Sepulvado, 367 So.2d 762, 767 (La.1979). Generally, a sentence is considered excessive if it is grossly disproportionate to the severity of the crime or is nothing more than the needless imposition of pain and suffering. A sentence is considered grossly disproportionate if, when the crime and punishment are considered in light of the harm to society, it is so disproportionate as to shock one’s sense of justice. State v. Reed, 409 So.2d 266, 267 (La.1982). A trial judge is given wide discretion in the imposition of sentences within statutory limits, and the sentence imposed should not be set aside as excessive in the absence of manifest abuse of discretion. State v. Lanclos, 419 So.2d 475, 478 (La.1982).
On a fourth conviction for operating a vehicle while intoxicated, the offender shall be sentenced to imprisonment at hard labor for not less than ten nor more than thirty years and may be fined not more than five thousand dollars. See LSA-R.S. 14:98 E(l) prior to amendment by 1997 La. Acts No. 1296, § 2. At least one year of the sentence shall be imposed without benefit of suspension of sentence, probation, or parole. In the discretion of the court, any additional portion or all of the sentence may be imposed without benefit of suspension of sentence, probation, or parole. If a portion of the sentence is imposed with benefit of suspension of sentence, probation, or parole, the court shall require the offender to participate in a court-approved substance abuse program and a court-approved driver improvement program. If the offender has previously been required to participate in either or both of such programs as a first or second offender, but not as a third offender, at least two years of the sentence shall be imposed without benefit of suspension of sentence, probation, or parole. See LSA-R.S. 14:98 E(2) prior to amendment by 1997 La. Acts No. 1296, § 2.
The defendant was sentenced to ten years at hard labor, five years suspended and five years without benefit of parole, probation, or suspension of sentence. The special terms and conditions of the defendant’s probation did not include his 1 ¿participating in a court-approved substance abuse program and a court-approved driver improvement program.[1] The defendant had previously been required to participate in both such programs as a first offender. *792 In sentencing the defendant, the court noted that the defendant had been given probation several times for his • drinking and driving offenses and that “It [was] clear that [the defendant had not] responded to any of the probations relative to the driving while intoxicated charges. It [was] also clear that if [the defendant got] out any time soon [, he would] get in the car and kill somebody, because [he was] not going to stop drinking .... ” Further, the court stated that it was imposing five years of incarceration for the defendant, rather than ten, because of the defendant’s participation in Alcoholics Anonymous and because of the court’s belief that the defendant could rehabilitate himself during the five years.
A thorough review of the record reveals no manifest abuse of discretion in the trial court’s imposition of the sentence herein. The sentence imposed was not grossly disproportionate to the severity of the offense. Therefore, the sentence was not unconstitutionally excessive. Accordingly, these assignments of error are without merit.
CONVICTION AND SENTENCE AFFIRMED.

. For this reason, the sentence imposed was illegally lenient. However, this court will not correct the sentence as the error is in the defendant's favor and the State has not appealed the illegal sentence. See State v. Fraser, 484 So.2d 122, 124 (La.1986).