STATE OF LOUISIANA
v.
ANTHONY VINCENT ULARICH, III,
No. 2008 KA 1810.
Court of Appeals of Louisiana, First Circuit.
February 13, 2009.
NOT DESIGNATED FOR PUBLICATION
WALTER P. REED, District Attorney, Counsel for Appellee State of Louisiana.
KATHRYN LANDRY, Special Appeals Counsel.
KATHERINE M. FRANKS, Counsel for Defendant/Appellant. Anthony Vincent Ularich, III.
Before: KUHN, GUIDRY, and GAIDRY, JJ.
GUIDRY, J.
The defendant, Anthony Vincent Ularich, III, was charged by bill of information with 275 counts of pornography involving juveniles in violation of La. R.S. 14:81.1. He initially pled not guilty to all charges. Prior to trial, the defendant withdrew his not guilty plea and entered a plea of guilty to all of the charges. Following a Boykin examination, the trial court accepted the defendant's guilty plea. The defendant was sentenced to imprisonment for seven years at hard labor without benefit of probation, parole, or suspension of sentence on each count. The court ordered all the sentences to run concurrently. The defendant moved for reconsideration of the sentences. The trial court denied the motion. The defendant now appeals challenging the sentences as excessive. Finding no merit in the assigned errors, we affirm the defendant's convictions and sentences.

FACTS
Because the defendant pled guilty, there was no trial testimony regarding the facts of this case. Additionally, no factual basis was set forth at the Boykin hearing. The transcript of the sentencing hearing on the defendant's motion to reconsider sentence reflects that the defendant took his computer in for repairs and images of pornography involving juveniles were discovered on his hard drive. The defendant admitted that he downloaded and saved these images with his collection of "unusual things or unusual pornography." He explained that the images were results of "pop-ups" on his computer and denied ever searching for pornographic images involving children. He also claimed he did not know that saving the images was illegal.

EXCESSIVE SENTENCES
In his sole assignment of error, the defendant contends the trial court erred in imposing excessive sentences. Specifically, he asserts the seven-year sentences, even though concurrent, are unconstitutional.
Article I, Section 20 of the Louisiana Constitution prohibits the imposition of excessive punishment. Although a sentence may be within statutory limits, it may violate a defendant's constitutional right against excessive punishment and is subject to appellate review. State v. Sepulvado, 367 So.2d 762, 767 (La. 1979). Generally, a sentence is considered excessive if it is nothing more than the needless imposition of pain and suffering. A sentence is considered grossly disproportionate if, when the crime and punishment are considered in light of the harm to society, it is so disproportionate as to shock one's sense of justice. State v. Reed, 409 So.2d 266, 267 (La. 1982). A trial judge is given wide discretion in the imposition of sentences within statutory limits, and the sentence imposed should not be set aside as excessive in the absence of manifest abuse of discretion. State v. Lanclos, 419 So.2d 475, 478 (La. 1982).
The Code of Criminal Procedure sets forth items that must be considered by the trial court before imposing a sentence. La. C.Cr. P. art. 894.1. The trial court need not cite the entire checklist of Article 894.1, but the record must reflect that it adequately considered the criteria. State v. Herrin, 562 So.2d 1, 11 (La. App. 1st Cir.), writ denied, 565 So.2d 942 (La. 1990). In light of the criteria expressed by Article 894.1, a review for individual excessiveness should consider the circumstances of the crime and the trial court's stated reasons and factual basis for its sentencing decision. Remand for full compliance with Article 894.1 is unnecessary when a sufficient factual basis for the sentence is shown. Lanclos, 419 So.2dat478.
The offense of pornography involving juveniles is punishable by a fine of not more than ten thousand dollars and imprisonment at hard labor for not less than two years or more than ten years, without benefit of probation, parole, or suspension of sentence. La. R.S. 14:81.1(E)(1). As previously noted, the defendant in this case was sentenced, on each of the 275 counts, to seven years imprisonment at hard labor, without benefit of probation, parole, or suspension of sentence. See La. R.S. 14:81.1(E)(1). The defendant argues that considering his age, his status as a first felony offender, his ability to be rehabilitated with therapy, his remorse for his actions (which he claims he did not believe were criminal), and the fact that he has much to offer the community, the sentences of seven years are unusually severe. He asserts the trial court failed to give adequate consideration to these relevant mitigating factors when imposing the sentences. He argues the trial court imposed the lengthy sentences based primarily upon broad societal concerns and failed to particularize them to this defendant. In response, the State notes that the defendant did not receive maximum sentences. The State further notes that the trial court was aware of, and took into account, the mitigating circumstances cited by the defendant.
After reviewing the record in this case, we note that the defendant's contention that the trial court failed to give adequate weight to the mitigating circumstances lacks merit. As the State correctly notes, the record clearly indicates that the trial court was aware of the relevant mitigating factors set forth by the defense in its brief. In imposing the sentences, the trial court stated:
As you said, Mr. Ularich, it looks bad, and it does. What you do in the privacy of your own home, I understand at the time you did not feel you committed an offense. I'll take you at your word, there is no proof that you're a perpetrator of offenses on children in a direct way. This law was made because this is a perpetration in an indirect way on children. This law was made because children are victimized somehow for these pictures to be made out to be an industry of some sort, a smut industry and its [sic] offensive to us and that's why this law is there.
Certainly your background, I have two sisters who are in special education, devoted their lives, I do know what that involves, you should be proud of that. I do know you must have helped a lot of people in our community. I am impressed that you are helping now even while you're in prison. Certainly you can continue to do that.
I am faced with sentencing for  if it was a small amount of the pictures you had, it was 275 involving juveniles, there obviously was an addiction, obviously it was something that could have been addressed before it got here. You're obviously a bright man who had the tools to do that, potentially sought help.
You know, because of the number of them originally I was considering the maximum and running it all concurrent however because of the work that you've done and no prior offenses I am going to sentence you to seven years at hard labor with the Department of Corrections as to each count concurrent with each other [,with] credit for time served. You will, of course, have to register as an offender.
From the foregoing, it is clear that the trial court considered the mitigating evidence. There is no requirement that any specific mitigating factors be given any particular weight by the sentencing court. State v. Dunn, 30,767, p. 2 (La. App. 2nd Cir. 6/24/98), 715 So.2d 641, 643. Therefore, considering the reasons for sentence articulated by the trial court and the entire record before us, we do not find the sentences imposed in this case to be excessive. The sentences are not grossly out of proportion to the seriousness of the offenses so as to shock our sense of justice, nor are they needless infliction of pain and suffering.
This assignment of error lacks merit.
For the foregoing reasons, the defendant's convictions and sentences are affirmed.
CONVICTIONS AND SENTENCES AFFIRMED.