STATE OF LOUISIANA
v.
OTIS PIERRE, III
No. 2008 KA 2012
Court of Appeals of Louisiana, First Circuit.
March 27, 2009
Not Designated for Publication
SCOTT M. PERRILLOUX, BRAD BERNER, PATRICIA PARKER, Attorneys for Appellee, State of Louisiana
FREDERICK KROENKE, Attorney for Defendant/Appellant, Otis Pierre, III.
BEFORE: CARTER, C.J., WHIPPLE AND DOWNING, JJ.
WHIPPLE, J.
The defendant, Otis Pierre, III, was charged by grand jury indictment with forcible rape, a violation of LSA-R.S. 14:42.1, second degree kidnapping, a violation of LSA-R.S. 14:44.1, and attempted forcible rape, a violation of LSR.S. 14:27 and 14:42.1. He pled not guilty, was tried by a jury, and was convicted of two counts of attempted forcible rape and one count of second degree kidnapping. The defendant appealed the convictions and sentences. In an unpublished opinion, we affirmed the convictions[1], vacated the sentences, and remanded the matter to the trial court for resentencing. State v. Pierre, 2003-2496 (La. App. 1st Cir. 6/25/04), 876 So. 2d 967. On remand, the defendant was sentenced to imprisonment at hard labor for twenty years without benefit of probation, parole, or suspension of sentence on each of the attempted forcible rape convictions. The trial court ordered that the sentences be served concurrently. On the second-degree kidnapping conviction, the defendant was sentenced to imprisonment at hard labor for fifteen years without benefit of probation, parole, or suspension of sentence. This sentence was ordered to be served consecutively to the sentences imposed for the convictions of attempted forcible rape. Having received permission to file an out-of-time appeal, the defendant now appeals, challenging his sentences as excessive.

FACTS
In the prior appeal, the facts of the case were summarized as follows:
On December 20, 1999, the defendant was a passenger in Jeremy Strickland's vehicle when Strickland rear-ended a vehicle driven by the victim, D.M. Strickland and D.M. exited their vehicles to assess the extent of the damage. After speaking with D.M. for a moment, Strickland grabbed her, put his hand over her face and forced her into her vehicle. Strickland then entered D.M.'s vehicle and drove away with her inside. Defendant followed in Strickland's vehicle. Strickland took D.M. to a remote area where he raped her and forced her to perform oral sex upon him. As Strickland forced D.M. to perform oral sex upon him, defendant approached and unsuccessfully attempted to penetrate her from behind.
Defendant admitted his participation in the incident in a taped statement to police and again at trial. He admitted following in Strickland's vehicle, but denied knowing that Strickland planned to rape D.M. He admitted, however, that after Strickland had sexual intercourse with D.M. he entered her vehicle intending to do the same. He further admitted that later, while Strickland was forcing D.M. to perform oral sex, he approached her from the rear and attempted to penetrate her.

ASSIGNMENTS OF ERROR ONE AND TWO
By these assignments of error, the defendant contends the trial court erred in imposing excessive sentences. Specifically, he asserts that the thirty-five year aggregate sentence is unconstitutionally excessive under the facts and circumstances of this case. The defendant acknowledges that his trial counsel did not make a written or oral motion to reconsider sentence after the resentencing. Thus, the defendant contends his trial counsel was ineffective.
As the defendant correctly points out, the instant record does not contain a motion to reconsider sentence nor; did the defendant object to the sentences. The failure to file or make a motion to reconsider sentence precludes a defendant from raising an objection to the sentence on appeal, including a claim of excessiveness. See LSA-C.Cr.P. art. 881.1(E). Therefore, the defendant is barred procedurally from now having this assignment of error reviewed on appeal. State v. Duncan, 94-1563, p. 2 (La. App. 1st Cir. 12/15/95), 667 So. 2d 1141, 1143 (en banc per curiam). However, because the defendant alleges deficient performance by his trial counsel in failing to file a motion to reconsider sentence and asserts he was prejudiced by such performance, we will examine the sentences for excessiveness. See State v. Bickham, 98-1839, p. 7 (La. App. 1st Cir. 6/25/99), 739 So. 2d 887, 891-92.
Whether or not defendant's counsel's assistance was so defective as to require the vacating of his sentences is subject to a two-part test established by the United States Supreme Court in Strickland v. Washington 466 U.S. 668, 687, 104 S. Ct. 2052, 2064, 80 L. Ed. 2d 674 (1984). First, the defendant must show that counsel's performance was deficient. Second, the defendant must show that this deficient performance prejudiced him. Applying this test to the issue at hand, it is clear a failure to file a motion to reconsider sentence in itself does not constitute ineffective assistance of counsel. However, if the defendant can show a reasonable probability that, but for counsel's error, his sentences would have been different, a basis for an ineffective assistance claim may be found. State v. Felder, 2000-2887, pp. 10-11 (La. App. 1st Cir. 9/28/01), 809 So. 2d 360, 370, writ denied, XXXX-XXXX (La. 10/25/02), 827 So. 2d 1173. Thus, the defendant must show that but for his counsel's failure to file a motion to reconsider sentence, the thirty-five year aggregate sentence would not have been imposed.
Article I, Section 20 of the Louisiana Constitution prohibits the imposition of excessive punishment. Although a sentence may fall within statutory limits, it may nevertheless violate a defendant's constitutional right against excessive punishment and is subject to appellate review. State v. Sepulvado, 367 So. 2d 762, 767 (La. 1979). Generally, a sentence is considered excessive if it is grossly disproportionate to the severity of the crime or is nothing more than the needless imposition of pain and suffering. A sentence is considered grossly disproportionate if, when the crime and punishment are considered in light of the harm to society, it is so disproportionate as to shock one's sense of justice. State v. Reed, 409 So. 2d 266, 267 (La. 1982). A trial judge is given wide discretion in the imposition of sentences within statutory limits, and the sentence imposed should not be set aside as excessive in the absence of manifest abuse of discretion. State v. Lanclos, 419 So. 2d 475, 478 (La. 1982). See also State v. Savario, 97-2614, p. 8 (La. App. 1st Cir. 11/6/98), 721 So. 2d 1084, 1089, writ denied, 98-3032 (La. 4/1/99), 741 So. 2d 1280.
The imposition of consecutive sentences is governed by LSA-C.Cr.P. art. 883, which provides, in pertinent part:
If the defendant is convicted of two or more offenses based on the same act or transaction, or constituting parts of a common scheme or plan, the terms of imprisonment shall be served concurrently unless the court expressly directs that some or all be served consecutively.
This article specifically excludes from its scope sentences that the court expressly directs to be served consecutively. State v. Rogers, 95-1485, p. 11 (La. App. 1st Cir. 9/27/96), 681 So. 2d 994, 1000, writs denied, 96-2609, 96-2626 (La. 5/1/97), 693 So. 2d 749. Thus, it is within a trial court's discretion to order sentences to run consecutively rather than concurrently. State v. Rollins, 32,686, p. 13 (La. App. 2d Cir. 12/22/99), 749 So. 2d 890, 899, writ denied, XXXX-XXXX (La. 9/15/00), 768 So. 2d 1278. The imposition of consecutive sentences requires particular justification when the crimes arise from a single course of conduct. State v. Johnson, 99-0385, p. 7 (La. App. 1st Cir. 11/5/99), 745 So. 2d 217, 221, writ denied, XXXX-XXXX (La. 11/13/00), 774 So. 2d 971. However, even if the convictions arise out of a single course of conduct, consecutive sentences are not necessarily excessive if the trial court considers other factors when imposing sentence. State v. Ferguson, 540 So. 2d 1116, 1123 (La. App. 1st Cir. 1989). Some of those factors include defendant's criminal history, the dangerousness of the offense, the viciousness of the crimes, the harm done to the victim, the potential for defendant's rehabilitation, and the danger posed by the defendant to the public safety. State v. Parker, 503 So. 2d 643, 646 (La. App. 4th Cir. 1987). Additional factors that may serve as justification for consecutive sentences include multiplicity of acts, lack of remorse, and risk to the public safety. State v. Lewis, 430 So. 2d 1286, 1290 (La. App. 1st Cir.), writ denied, 435 So. 2d 433 (La. 1983).
A conviction for attempted forcible rape has a sentencing range of imprisonment at hard labor for not more than twenty years. LSA-R.S. 14:27(D)(3) & 14:42.1(B). The offense of second degree kidnapping carries a potential penalty of imprisonment at hard labor for not less than five nor more than forty years. LSA-R.S. 14:44.1(C). On both of these offenses, at least two years of the sentence imposed shall be served without benefit of probation, parole, or suspension of sentence. LSA-R.S. 14:42.1 (B) & 14:44.1(C).
In this case, the defendant was sentenced to concurrent terms of imprisonment for twenty years at hard labor on each of the attempted forcible rape convictions and a consecutive term of fifteen years at hard labor for the seconddegree kidnapping conviction. The entire thirty-five year aggregate sentence was to be served without benefit of probation, parole, or suspension of sentence.
On appeal, the defendant argues the trial court failed to give consideration to the sentencing guidelines and other relevant mitigating factors. In support of his claim that the sentences are excessive, the defendant cites his youthful age (twenty years old at the time of the offenses), and the fact that he lacks a significant criminal history (only a prior DWI conviction). He further argues that there was no justification for the imposition of consecutive, rather than concurrent, sentences for the convictions, which arose out of the same course of conduct, against the same victim, on the same date.
The record in this case reflects that, prior to imposing the original sentences, the judge specifically noted that he presided over the trial of this matter. The record further reflects that the defendant testified at the trial and later presented evidence of his good character at a sentencing hearing. Thus, it is clear that the trial court was aware of the facts and circumstances surrounding the offenses, as well as the mitigating information cited by the defendant in his brief (i.e., the defendant's age, criminal history, family ties, employment history, etc.).
We have reviewed the sentences imposed herein, and considering the nature of the offenses and the circumstances of this case, we find no abuse of the trial court's broad sentencing discretion in imposing the sentences or in making them consecutive. Although the trial court did not articulate reasons for the sentences imposed, we find that the record in this case supports the aggregate thirty-five year sentence. Contrary to the defendant's claim that sufficient justification is lacking, the consecutive sentences are adequately justified for this particular defendant (who clearly poses an unusual risk to public safety) and for these particular convictions, ie., heinous crimes of violence during which the victim was kidnapped, raped and otherwise sexually abused by the defendant and his coperpetrator. Considering the particularly brutal facts of the offenses, and the suffering the victim endured, the sentences imposed are neither disproportionate nor shocking.
As such, we conclude the defendant has failed to show that he received ineffective assistance of counsel when his trial counsel failed to file a motion to reconsider sentence, because the defendant has not shown that his sentences were excessive and would have been changed, either in the district court or on appeal, had such a motion been filed.
These assignments of error lack merit.
For the foregoing reasons, the defendant's sentences are affirmed.
SENTENCES AFFIRMED.
NOTES
[1] We vacated the sentences and remanded the matter to the trial court for resentencing to correct a sentencing error under LSA-C.Cr.P. art. 920(2).