SAVOIE, Judge.
Johnel Rogers was charged by bill of information with attempted aggravated rape and aggravated burglary, in violation of La.R.S. 14:27, La.R.S. 14:42, and La.R.S. 14:60. Rogers was tried and convicted by a jury. The trial judge sentenced Rogers to forty (40) years at hard labor for attempted aggravated rape and ten (10) years at hard labor for aggravated burglary. The sentences are to be served consecutively. Rogers has appealed, alleging two assignments of error.
1. The trial judge erred when he denied Rogers’ motion for a mistrial.
2. The trial judge erred when he imposed an excessive sentence.
Defendant did not submit an argument in brief on two assignments; therefore, those assignments of error are considered abandoned. Uniform Rules for Courts of Appeal 2-12.4.
The crime was committed during the late evening of February 10, 1982, on North Street in Baton Rouge. The victim, a ten (10) year old girl, woke up with a hand over her mouth and a knife at her neck. She was told that if she screamed something bad would happen to her. The intruder then forced her to the floor. Suddenly, the victim’s father was heard moving in his bed and the wind blew open the screen door which hit a chair on the porch. The intruder then fled through a kitchen window. This window was found to be held open by a knife. Outside the window the police later found two bricks stacked against the wall.
The victim told the police that she recognized the intruder. She had previously seen and heard the man because his daughter is a good friend of hers. Additionally, she recognized Rogers as the man who had often visited his mother-in-law who lives next door to the victim. Also, she remembered seeing the word “RED” tatooed on his hand.
The victim identified the intruder as Joh-nel Rogers to the police the night of the attempted rape. The next day she chose Johnel Rogers’ picture out of a photographic lineup.
ASSIGNMENT OF ERROR NUMBER 1
Rogers argues[1] that the trial judge erred in refusing to grant his motion for a mistrial. Rogers moved for a mistrial based upon a comment made by Detective Earl Voinche. Detective Voinche, in response to a question asked by the State, mentioned that Georgiana Rogers, the wife of the defendant at the time of the crime, told him “That when they got home she talked to him [Rogers] about it and he admitted it to her.”
After this comment, Rogers moved for a mistrial. But the trial judge, rather than grant defendant’s request for a mistrial, admonished the jury to disregard the remark, in accordance with La.C.Cr.P. art. 771.
*1359 The trial court should view a prejudicial remark by a police officer with considerable concern as to the fairness of the trial and with the possibility of granting a mistrial. The necessity of granting a mistrial is left to the sound discretion of the trial court. State v. Kennedy, 444 So.2d 301 (La.App. 1st Cir.1983), writ denied, 446 So.2d 1228 (La.1984).
We see no abuse of discretion in the refusal to grant a mistrial, finding that the trial judge’s admonition to the jury sufficient to assure Rogers a fair trial.
The credibility of Mrs. Rogers, who was a witness for the State, was attacked very thoroughly by Rogers throughout the trial. Rogers produced witnesses and subjected Mrs. Rogers to a tough cross-examination in an effort to convince the jury that her motive for testifying against him was not to tell the truth but to avenge herself because Rogers had left her for another woman. The prejudicial effect of Detective Voinche’s testimony as to what Mrs. Rogers told him is questionable, and certainly not prejudicial enough for us to find that the granting of a mistrial is a necessity.
This assignment of error is without merit.
ASSIGNMENT OF ERROR NUMBER 2
Rogers argues that the trial judge erred by imposing an excessive sentence in violation of La.Const.Art. 1 Section 20. The trial judge sentenced Rogers to forty (40) years at hard labor for attempted aggravated rape and ten (10) years at hard labor for aggravated burglary. The sentences are to run consecutively.
A review of individual excessiveness is considered in light of the criteria expressed by La.C.Cr.P. art. 894.1, the circumstances of the crime, and the trial court’s stated reasons and factual basis for its sentencing decision. State v. Cox, 369 So.2d 118 (La.1979).
The record reveals that the trial judge considered and articulated his reasons for the sentence imposed in light of the criteria. under art. 894.1. He noted Rogers’ prior criminal record,[2] that the crime was committed without provocation, that, in his opinion, Rogers would very likely commit another crime if out on probation, and that, consequently, Rogers is in need of correctional treatment.
The trial judge made a particular note that Rogers used a knife, with which someone could have been killed or seriously injured. The ten year old victim has understandably suffered psychological harm, and the victim’s parents have suffered marital problems because of the incident.
The trial judge considered as mitigating factors that Rogers has four dependent children and has been reported as a good worker. But in weighing these factors against the aggravating factors mentioned above and the duty owed to society by the court system, the trial judge decided that a lengthy sentence was merited.
Rogers claims that although the sentences imposed on both charges are within statutory limits, we should consider them excessive. State v. Sepulvado, 367 So.2d 762 (La.1979). We disagree, finding upon review of the record that the sentence is not excessive.
Rogers also argues that since his two charges arise from the same act, the sentences should run concurrently, pursuant to La.C.Cr.P. art. 883. Under art. 883, a trial court needs particular justification to impose consecutive sentences for convictions arising out of a single course of criminal conduct. State v. Lewis, 430 So.2d 1286 (La.App. 1st Cir.), writ denied, 435 So.2d 433 (La.1983).
In stating that the sentence for aggravated burglary be served consecutively, the trial court noted Rogers had been previously convicted of burglary. As previously stated, the trial court made note of the lasting psychological harm to the victim and her parents caused by Rogers’ brutal criminal conduct, and that, if out on proba *1360 tion, he would commit another crime. Consecutive sentences are justified when, as here, the offender poses an unusual risk to the public safety. State v. Lewis, supra.
We find no abuse of discretion, and this argument is also without merit.
AFFIRMED.

. In brief, Rogers argues that the pertinent testimony of Detective Voinche is hearsay and an indirect violation of the spousal privilege.
We consider such arguments irrelevant because the trial judge sustained defendant's objection to this testimony.

. We note that Rogers’ prior criminal record consisted of five convictions on simple burglary charges in 1965. Even taking into account the mitigating factor contained in C.Cr.P. art. 894.-1(B)(7), we find no abuse of the trial judge’s sentencing discretion.