476 So.2d 551 (1985)
STATE of Louisiana
v.
Cecil JOHNSTON.
No. 85 KA 0376.
Court of Appeal of Louisiana, First Circuit.
October 8, 1985.
*552 Bryan Bush, Dist. Atty., Baton Rouge, by Michael Erwin, Asst. Dist. Atty., for plaintiff-appellee.
Public Defenders' Office, Baton Rouge, for defendant-appellant.
Before CARTER, SAVOIE and ALFORD, JJ.
CARTER, Judge.
The defendant, Cecil Johnston, was charged by bill of information with one count of obscenity in violation of LSA-R.S. 14:106 by intentionally exposing his genitals to two young girls in a public place with the intent of arousing sexual desire. Defendant withdrew his original plea of not guilty, plead guilty as charged, and was subsequently sentenced to a term of five (5) years imprisonment in the custody of the Louisiana Department of Corrections without benefit of parole, probation, or suspension of sentence.
From the imposition of this sentence, defendant appeals alleging that the trial court failed to follow the sentencing guidelines set forth in LSA-C.Cr.P. art. 894.1 *553 and that the trial judge erred in imposing an excessive sentence.

EXCESSIVE SENTENCE
Article I, § 20 of the Louisiana Constitution prohibits the imposition of excessive punishment. Excessiveness of a sentence is a question of law which is reviewable. See State v. Sepulvado, 367 So.2d 762 (La.1979).
A sentence may be excessive either by reason of its length or because the circumstances warrant a less onerous sentencing alternative. State v. Telsee, 425 So.2d 1251 (La.1983). In other words, a sentence may be both within the statutory limits and constitutionally excessive. State v. Sepulvado, supra. A sentence is excessive when it is grossly out of proportion to the severity of the offense or nothing more than the needless and purposeless imposition of pain and suffering. To determine whether a penalty is grossly disproportionate to the crime, the court considers the punishment and the crime in light of the harm to society and whether the penalty is so disproportionate as to shock our sense of justice. State v. Bonanno, 384 So.2d 355 (La.1980).
Because of the wide discretion afforded the trial court in imposing sentence, a sentence within statutory limits will not be set aside as excessive in the absence of a manifest abuse of discretion. State v. Abercrumbia, 412 So.2d 1027 (La.1982); State v. Jacobs, 383 So.2d 342 (La.1980); State v. Freeze, 438 So.2d 1340 (La.App. 3rd Cir.1983).
In the case sub judice, the trial judge imposed the maximum term of imprisonment. Because the instant violation was committed in the presence of an unmarried person under the age of seventeen years, the appropriate sentencing provision is found in LSA-R.S. 14:106 G(4).[1] At the time of the instant offense (March 30, 1983) that provision provided in pertinent part:
When a violation ... of this Section is with or in the presence of an unmarried person under the age of seventeen years, the offender shall be fined not more than ten thousand dollars or shall be imprisoned with or without hard labor, for not less than two years nor more than five years, without benefit of parole, probation, or suspension of sentence, or both.[2]
A review of the record reveals a particularized basis for imposing a maximum sentence. Prior to sentencing, the trial judge ordered a pre-sentence investigation report. The pre-sentence investigation report was based on conclusions rationally derived from information from identifiable sources and supports imposition of a maximum term of imprisonment.[3]
In sentencing the defendant herein, the trial judge noted that defendant had numerous arrests and prior convictions, many of which involved crimes against female juveniles. In addition, the nine-year old victim in this case was reported to be experiencing difficulties due to the incident. Although defendant contends the trial court failed to articulate any mitigating circumstances, our examination of the record indicates that none are present. State v. Telsee, supra, provides that the maximum sentences for each crime are reserved for the most egregious and blameworthy offenders. The defendant in the case sub judice fits clearly in this category, is obviously incorrigible, and deserving of the maximum term of imprisonment.

COMPLIANCE WITH LSA-C.Cr.P. ART. 894.1
LSA-C.Cr.P. art. 894.1 requires the trial judge to state for the record the considerations *554 taken into account by him and the factual basis therefor when imposing sentence. State v. Coleman, 432 So.2d 323 (La.App. 1st Cir.1983). The trial judge need not recite the entire checklist of LSA-C.Cr.P. art. 894.1, but the record must reflect that the judge adequately considered the guidelines. State v. Davis, 448 So.2d 645 (La.1984); State v. Soco, 441 So.2d 719 (La.1983); State v. Trahan, 412 So.2d 1294 (La.1982). The trial judge must, in effect, justify his sentence with factual reasons. State v. Davis, supra; State v. Soco, supra; State v. Jones, 398 So.2d 1049 (La. 1981).[4]
Defendant complains that in imposing sentence, the trial judge failed to consider certain mitigating factors, such as his personal history, age, mental status, dependents, family ties, work record, mental, emotional, and physical health. We disagree. The pre-sentence investigation report relied upon by the trial court clearly and succinctly set forth all relevant and pertinent information concerning defendant. The trial judge noted that the defendant had been convicted of at least six crimes against the person and that many of these involved young girls. These facts together with his extensive criminal record require the placing of the defendant in a custodial environment and demonstrate that if defendant were placed on probation there would be an undue risk of further criminal activity.
The instant sentence is not severe in relation to the particular offender and the actual offense committed. Defendant is depicted as one of the worst offenders and as one who in this instance committed a most serious violation of the obscenity statute. See State v. Jones, supra. His past criminal record indicates that he is incorrigible and the public can only be protected from further criminal acts on his part by his confinement for the longest term possible.
A thorough review of the sentencing transcript reveals that the trial judge adequately considered the factors enunciated in LSA-C.Cr.P. art. 894.1, and this assignment of error is without merit.

CONCLUSION
For the foregoing reasons, the sentence of the trial court is affirmed.
AFFIRMED.
NOTES
[1] Evidence as to the age of one of the complaintants was presented through testimony of the assistant district attorney during sentencing.
[2] This penalty provision was amended by Acts 1983, No. 385 § 1 to make the fine and period of imprisonment conjunctive penalties.
[3] Although the pre-sentence report classified defendant as a fourth felony offender, the report reveals at least seven prior convictions with six convictions for crimes against the person.
[4] We note, from review of the Boykin examination, the trial court advised defendant that the penalty exposure for a first conviction of the crime of obscenity was a fine of not more than two thousand five hundred dollars or imprisonment, with or without hard labor, for not less than six months nor more than three years or both, in accordance with LSA-R.S. 14:106 G(1).

Defendant was sentenced to a five year term of imprisonment without benefit of probation, parole or suspension of sentence, pursuant to LSA-R.S. 14:106 G(4), following an offering by the state that the instant offense involved defendant's exposing his genitals to an unmarried female under the age of seventeen years.
LSA-R.S. 14:106 G(4) mandates that an enhanced penalty be imposed when a defendant violates the obscenity statute under certain circumstances. In the instant case, the state moved timely for enhancement of the penalty. The trial court is obligated to impose sentence in accordance with that provision. Cf. State v. Collins, 470 So.2d 549 (La.App. 1st Cir.1985).