CARTER, Judge.
Defendant, Billy Edward Dye, was charged by bill of information with armed robbery, in violation of LSA-R.S. 14:64. He pled guilty and, after a hearing, was sentenced to serve nine years at hard labor, without benefit of parole, probation or suspension of sentence. From this judgment, defendant appeals, urging that the sentence imposed is excessive and that the trial judge failed to comply with the sentencing guidelines set forth in LSA-C.Cr.P. art. 894.1.[1]
On or about December 27, 1983, defendant, armed with a sawed-off shotgun, entered a retail shoe store in Houma, Louisiana, as the manager and another employee were preparing to close the store for the evening. After emptying the cash register, defendant forced the manager to open the safe and to remove the currency from it. Thereafter, defendant ordered the women to go into the restroom and to stay there for ten minutes. Defendant left the store with approximately $1400.00 in cash and $70.00 worth of clothing. He was arrested for these charges several days later, after the police traced the license number of a car which had been seen in the area for several days before the robbery.
EXCESSIVE SENTENCE
Defendant, who is eighteen years old, argues the sentence of nine years is excessive in light of the applicable mitigating factors, including his youth and his status as a first offender.
Article I, § 20 of the Louisiana Constitution prohibits the imposition of excessive punishment. Excessiveness of a sentence is a question of law which is reviewable. See State v. Sepulvado, 367 So.2d 762 (La.1979). A sentence may be excessive either by reason of its length or because the circumstances warrant a less onerous sentencing alternative. State v. Telsee, 425 So.2d 1251 (La.1983). In other words, a sentence may be both within the statutory limits and constitutionally excessive. State v. Sepulvado, supra. A sentence is excessive when it is grossly out of proportion to the severity of the offense or nothing more than the needless and purposeless imposition of pain and suffering. To determine whether a penalty is grossly disproportionate to the crime, the court considers the punishment and the crime in light of the harm to society and whether the penalty is so disproportionate as to shock our sense of justice. State v. Bonanno, 384 So.2d 355 (La.1980).
Because of the wide discretion afforded the trial court in imposing sentence, a sentence within statutory limits will not be set aside as excessive in the absence of a manifest abuse of discretion. State v. Abercrumbia, 412 So.2d 1027 (La.1982); State v. Johnston, 476 So.2d 551 (La.App. 1st Cir.1985).
A review of the record before us reveals that the sentence imposed is within the discretion of the trial court. Although the presentence investigation report relied upon by the trial court ultimately recommends that the defendant be sentenced to the minimum mandatory term of incarceration of five years required by LSA-R.S. 14:64, other sources quoted in the report urge that a more stringent term be imposed. The presentence investigation report stresses that defendant is a troubled young man who is prone to fits of uncontrollable anger. Considering the severity of the offense of armed robbery and defendant’s social history of violence and anger, we find the sentence imposed is not excessive.
Compliance with LSA-C.Cr.P. Art. 894.1
Defendant also argues that the court erred in failing to state for the record the factual basis for the sentence to show it *849 was individualized and to provide a basis for review upon appeal.
LSA-C.Cr.P. art. 894.1 requires the trial judge to state for the record the considerations taken into account by him and the factual basis therefor when imposing sentence. State v. Coleman, 432 So.2d 323 (La.App. 1st Cir.1983). The trial judge need not recite the entire checklist of LSA-C.Cr.P. art. 894.1, but the record must reflect that the judge adequately considered the guidelines. State v. Davis, 448 So.2d 645 (La.1984); State v. Soco, 441 So.2d 719 (La.1983); State v. Trahan, 412 So.2d 1294 (La.1982). The trial judge must, in effect, justify his sentence with factual reasons. State v. Davis, supra; State v. Johnston, supra.
In imposing sentence, the court noted the seriousness of the offense, including the fact that it was committed with a shotgun. The court found the conduct posed a serious threat of harm to the victims, and that defendant’s conduct could not be excused or justified.
The trial court clearly expressed its belief that armed robbery is an extremely heinous offense. The use of a firearm, particularly a sawed-off shotgun, intensifies the egregious nature of the offense. The court took note of the particular circumstances of this offense as revealed by the presentence investigation report, and its reasons for the imposition of the sentence are tailored for the instant offense. We find that the trial judge adequately complied with the sentencing guidelines set forth in LSA-C.Cr.P. art. 894.1.
For the above reasons, defendant’s sentence is affirmed.
SENTENCE AFFIRMED.

. Defendant urges five assignments of error and briefs two. Assignments of error not briefed on appeal are considered abandoned. Uniform Rules — Courts of Appeal, Rule 2-12.4.