496 So.2d 643 (1986)
STATE of Louisiana
v.
Milton J. HAWKINS.
No. KA 86 0055.
Court of Appeal of Louisiana, First Circuit.
October 15, 1986.
Writ Denied January 23, 1987.
*644 Keith M. Whipple, Asst. Dist. Atty., Houma, for the State.
Indigent Defender's Bd., Houma, for defendant Milton J. Hawkins.
Before SAVOIE, CRAIN and JOHN S. COVINGTON, JJ.
JOHN S. COVINGTON, Judge.
Defendant, Milton James Hawkins, was charged by bill of information with aggravated battery in violation of La.R.S. 14:34. He pled not guilty and was tried by jury, which convicted him of second degree battery, a lesser included offense, and a violation of La.R.S. 14:34.1. Defendant was sentenced to four years imprisonment at hard labor. He has appealed, urging nine assignments of error:
1. The trial court erred in denying his request for a preliminary examination.
2. The trial court erred in excusing prospective juror, Mrs. Pilote, for cause.
3. The trial court erred in denying defendant's motion for mistrial on the basis that a juror failed to appear for the second day of trial.
4. The trial court erred in denying defendant's motion for mistrial based upon a conversation between a juror and defendant.
5. The trial court erred in denying defendant's motion to suppress Daniel Duplantis' testimony.
6. The trial court erred in sustaining the state's objection to defendant's question to Freddie Williams regarding whether or not any charges were pressed against Larry Blanchard.
7. The trial court erred in overruling defendant's objection to the introduction of the brown baseball bat into evidence.
8. The jury's verdict was contrary to the law and to the evidence.
9. The trial court's sentence is excessive.
Assignments of error two, five, seven and eight were not briefed on appeal and are, therefore, considered abandoned. Uniform RulesCourts of Appeal, Rule 2-12.4.
The record shows that on January 12, 1985, at approximately 10:30-11:00 a.m., defendant arrived at the business office-lot of Mid-South Car and Truck Rental in Terrebonne Parish. At the time, Larry Blanchard, the branch manager of the business, was at his desk talking on the telephone to a customer when he heard someone yelling. Looking up, Blanchard saw defendant *645 standing in his office with a baseball bat in his hands. Blanchard testified that, while he was putting the telephone down, defendant stated: "I pushed the button last night[.] If you don't give me a M.F. car, I'm going to push your M.F. button." Blanchard testified that in making the statement defendant did not use the initials "M.F.", but instead utilized explicit terms. As defendant shouted the statement, Blanchard attempted to back away from defendant. Defendant slammed the baseball bat down on Blanchard's desk. Defendant then began hitting Blanchard with the bat, initially striking him in the side with full force. With Blanchard trying to shield himself, defendant delivered several blows to him with the bat. During the incident, Blanchard managed to obtain a pistol from his desk drawer and fired wildly three times, causing his attacker to retreat and run from the building. Blanchard immediately called the police.
Donald Coleman and Clifford Brown, Sr., Blanchard's employees and eyewitnesses to the incident, pursued the fleeing defendant. Shortly thereafter, defendant was apprehended by officers of the Houma City Police Department and placed under arrest.
On the day of the incident, Blanchard received medical attention from a physician for contusions he suffered during the confrontation. He testified that, upon his return to work, he continued to suffer intense headaches and back discomfort; on the date of trial he was still taking medication and under a physician's care. Property damage sustained during the occurrence included damage to Blanchard's desk, the wall and telephone and a calculator which was damaged beyond repair.

ASSIGNMENT OF ERROR NO. 1:
By means of this assignment, defendant contends that the trial court erred in denying his request for a preliminary examination. Defendant states in brief that in accordance with the practice utilized in Terrebonne Parish, all motions generally are initially submitted to the district attorney's office for receipt of a hearing date, that thereafter trial court authorization for the motion is obtained and that the motion is then filed with the clerk of the district court.
In accordance with the foregoing local practice, the record reflects that defendant filed a motion for a preliminary examination with the district attorney's office on August 20, 1985, but that office never assigned a date for a hearing on the motion. The record reflects that on the first day of trial, October 14, 1985, prior to jury selection, defense counsel objected to going to trial without first having the trial court make a determination of whether or not probable cause existed in regard to the instant charge. The assistant district attorney countered that he had furnished defense counsel, by letter dated September 4, 1985, with a copy of his entire investigative file. In that letter he had advised defense counsel that, if he were not advised to the contrary within ten days, he would assume that discovery was satisfied. Defense counsel acknowledged receipt of the file from the state and that there had been excellent communications between himself and the district attorney's office in this matter. However, he asserted that defendant should not be prevented from exercising his right to a preliminary examination. The trial court then ruled that the instant preliminary examination would commence at 1:30 p.m., and the proceeding would be recessed until that time. Following the recess, the state opted not to introduce any evidence for purposes of preliminary examination to support a determination by the trial court of probable cause for the instant charge. Defense counsel objected to the state's not submitting any evidence on the motion. The trial court ruled that the strategy utilized by the state was within the discretion of the assistant district attorney and accordingly found no probable cause as to the instant charge and released defendant from his bail obligation as to that charge. Trial on the instant charge then began with jury selection.
Defendant argues in brief that the prosecutor's actions in the instant case effectively denied him his constitutional right to a *646 preliminary examination and constitutes prosecutorial misconduct and reversible error. He asserts that if such conduct is permitted prosecutors can "simply hold defendants in jail until their trial dates whether sufficient probable cause exists or not." In its brief, the state acknowledges the existence of the local practice in Terrebonne Parish regarding setting hearing dates on motions and that the practice had been utilized in the instant case. Additionally, the state countered that defendant had had full access to the courts at all times to have a hearing date judicially set.
Clearly, under the instant circumstances defendant's right to a preliminary hearing was not denied. Indeed, the time for holding such an examination was set by the trial court, albeit immediately prior to trial. The state was under no obligation to present evidence at the scheduled hearing. See State v. Sterling, 376 So.2d 103 (La. 1979); State v. Mayberry, 457 So.2d 880 (La.App. 3rd Cir.1984), writ denied, 462 So.2d 191 (La.1984). If defendant desired a more expeditious resolution of the issue of probable cause, it was incumbent upon him to assert his right to a preliminary examination. He could have done so through the local practice utilized in Terrebonne Parish or through the courts by filing the appropriate motion directly with the trial court at an earlier date. Any failure to utilize available legal recourses was his own.
There is, therefore, no merit to this assignment.

ASSIGNMENT OF ERROR NO. 3:
By means of this assignment, defendant asserts that the trial court erred in denying his motion for mistrial on the basis of a juror's failure to appear for jury service on the second day of trial.
The record reflects that on the first day of trial, Helga Benoit was selected and sworn as a member of the six person jury panel; and, pursuant to the direction of the trial court, one additional juror was called and impaneled to sit as an alternate juror. Thereafter, court was adjourned. On the following day of trial, the jurors were brought into the courtroom and it was determined that Helga Benoit was not present. At this juncture in the proceedings, the trial court issued an instruction, apparently to the bailiff, to attempt to locate the missing juror; and the court, assistant district attorney, defense counsel and defendant then retired to the judge's chambers. Upon the court's reconvening, defense counsel objected to having the trial proceed without the presence of the absent juror. The trial court then ruled that, rather than delay the proceedings any further, the alternate juror would serve as a regular member of the jury in place of the absent juror. In making its ruling, the trial court specifically made reference to the provisions of La.C.Cr.P. art. 789,[1] noted that the absent juror's home had been telephoned without receiving any answer and noted with particularity the appropriateness of designating an alternate to replace a juror under these circumstances. Defendant then moved for and was denied a mistrial on the basis of his allegation that the trial court had not made a determination that the absent juror was unable to perform or disqualified from performing her duties.
*647 Two days later, a hearing was held by the trial court in regard to an attachment order issued by the trial court as a consequence of Helga Benoit's failure to appear in her capacity as regular juror on the second day of trial. At the hearing, Benoit testified that, when she returned home on October 14, her son told her Jody Neal had telephoned her and had stated that she did not have to come to court the next day. Benoit stated she assumed the call had originated with the court and that the trial had been cancelled. She testified that no one had threatened her or coerced her not to return to court on the day following her selection as juror.
Louisiana Code of Criminal Procedure art. 789 provides for the replacement of a juror with an alternate juror in the event the former becomes unable to serve or is disqualified prior to the time the jury retires to consider its verdict. In State v. Clay, 441 So.2d 1227 (La.App. 1st Cir.1983), writ denied, 446 So.2d 1213 (La.1984), we undertook an extensive review of pertinent jurisprudence and concluded that a defendant's right to have the original jurors selected to decide his fate and his right to be present at certain stages of the proceedings are not absolute. In the instant case, as in Clay, the regular juror, who was replaced by an alternate, was unavailable for questioning as to her inability or disqualification for jury service. In the instant case, the record shows the trial court made an effort, although unsuccessful, to locate the absent juror which effort no doubt added to the delay which occurred due to the juror's absence. The trial court's decision to disqualify the juror and replace her with the alternate served to alleviate any further trial delay which might have resulted from further effort to locate the missing juror, and it did not constitute an abuse of the trial court's discretion pursuant to the authority vested in it by the provisions of La.C.Cr.P. art. 789.
Thus, this assignment is without merit.

ASSIGNMENT OF ERROR NO. 4:
By means of this assignment, defendant argues that the trial court erred in denying his motion for mistrial on the basis of a conversation between himself and a juror during the trial.
On the second day of trial, prior to delivery of opening statements, defense counsel informed the trial court that he had seen defendant and Michael K. Rayborn, a juror, engaging in a conversation during the morning break in the proceedings. He moved for a mistrial on that basis.
In support of his contention, defendant argues that the trial court failed to admonish the jurors to avoid contact with defendant, which failure resulted in the conversation forming the basis of this assignment. Our review of the record fails to disclose defendant stated the foregoing grounds as a basis for objection at the trial court level. Accordingly, it represents a new ground for objection which may not be raised for the first time on appeal. La.C.Cr.P. art. 841; State v. Clayton, 427 So.2d 827, on rehearing (La.1982).
Defendant further argues that any contact or private conversation with a juror is presumptively prejudicial and, in support thereof, directs this Court's attention to State v. Charles, 377 So.2d 344 (La.1979). However, his reliance on that case to support his argument is misplaced.
In State v. Charles, the Supreme Court enunciated the applicable rule, regarding juror and witness contact, as follows:
In a criminal case, any private communication, contact or tampering directly or indirectly with a juror during a trial about the matter pending before the jury is deemed presumptively prejudicial. State v. Wisham, 371 So.2d 1151, 1153 (La.1979); State v. Marchand, 362 So.2d 1090, 1092 (La.1978); Remmer v. U.S., 347 U.S. 227, 229, 74 S.Ct. 450, 451, 98 L.Ed. 654 (1954). [emphasis added] 377 So.2d at 345
Herein, the trial court conducted a hearing outside the presence of the jury at which testimony was adduced in regard to the conversation in question. Michael K. Rayborn testified that he was sitting in the hallway next to the courtroom when defendant *648 came over with a guard, sat next to him, and began smoking a cigarette. Defendant extended him a greeting, which he returned. Defendant asked him whether he was in school, and Rayborn responded that he was studying pre-law at Nicholls State University. Defendant indicated he felt Rayborn's area of study was a good one; and, at about that time, the assistant district attorney walked up and indicated he did not want the two talking to each other. Thereupon, Rayborn returned to the jury room. The testimony of Rayborn and defendant himself, who testified for the limited purpose of presentation of evidence regarding the motion for mistrial, reflects that the conversation did not in any way relate to the instant trial but was instead limited to the subject of Rayborn's attending school. Rayborn further testified, in response to questioning by the prosecutor, that the conversation would not influence his decision in the case.
The trial court thus did not err in denying defendant's motion for mistrial. The evidence presented at the hearing on the motion established with certitude that the conversation was innocuous and totally unrelated to the trial and that it did not prejudice defendant in any manner. See State v. Day, 414 So.2d 349 (La.1982).
This assignment is without merit.

ASSIGNMENT OF ERROR NO. 6:
By means of this assignment, defendant contends that the trial court erred in sustaining the state's objection to defendant's question to Freddie Williams regarding whether or not any charges were pressed against Larry Blanchard.
During the cross-examination by defense counsel of Houma City Police Officer Freddie Williams, who investigated the incident, the following exchange occurred:
Q. Were any charges pressed against Mr. Blanchard for the shooting?
MR. WHIPPLE: Objection, if Your Honor please, that's irrelevant and immaterial.
MR. VOISIN: It's part of the investigation, Judge. He's the investigating officer.
THE COURT: Objection sustained.
Defendant now argues in brief that the disallowed question was proper. He argues that based upon Blanchard's admission that he shot defendant, it was possible that the disallowed question, if permitted, might have disclosed that the state had agreed not to file charges against Blanchard in exchange for Blanchard's trial testimony against him. Defendant argues that such evidence could have been used to impeach Blanchard. He in essence concludes that the trial court's ruling prevented him from exploring that line of questioning. These arguments, i.e., reasons in support of the propriety of the disallowed question, were not advanced in argument before the trial court. In order to permit the trial judge to fairly rule upon objections at trial, it is incumbent upon trial counsel to state reasons in support of his position. State v. George, 312 So.2d 860 (La.1975). Accordingly, the foregoing grounds presented by defense counsel in brief but not articulated to the trial court are not properly before this Court and cannot be considered as a basis for argument on appeal. See La.C.Cr.P. art. 841; State v. Clayton, 427 So.2d 827 on rehearing (La.1982).
"Relevant evidence is that tending to show the commission of the offense and the intent, or tending to negative the commission of the offense and the intent." La. R.S. 15:441. In questions of relevancy, much discretion is vested in the trial judge. State v. Washington, 484 So.2d 946 (La. App. 1st Cir.1986). Such rulings will not be disturbed on appeal in the absence of a showing of an abuse of discretion. Id. Herein, we find no abuse of discretion based upon the argument made by defense counsel at the trial court level, in opposition to the state's objection to the question at issue. See State v. George, supra.
This assignment is meritless.

ASSIGNMENT OF ERROR NO. 9:
By means of this assignment, defendant contends his sentence is excessive. He argues that as a first felony offender
*649 he is eligible for suspension of sentence and probation, and the sentence imposed amounted to cruel and unusual punishment.
Article I, § 20 of the Louisiana Constitution prohibits the imposition of excessive punishment. Excessiveness of a sentence is a question of law which is reviewable. See State v. Sepulvado, 367 So.2d 762 (La.1979).
A sentence may be excessive either by reason of its length or because the circumstances warrant a less onerous sentencing alternative. State v. Telsee, 425 So.2d 1251 (La.1983). In other words, a sentence may be both within the statutory limits and constitutionally excessive. State v. Sepulvado, supra. A sentence is excessive when it is grossly out of proportion to the severity of the offense or nothing more than the needless and purposeless imposition of pain and suffering. To determine whether a penalty is grossly disproportionate to the crime, the court considers the punishment and the crime in light of the harm to society and whether the penalty is so disproportionate as to shock our sense of justice. State v. Bonanno, 384 So.2d 355 (La.1980).
Because of the wide discretion afforded the trial court in imposing sentence, a sentence within statutory limits will not be set aside as excessive in the absence of a manifest abuse of discretion. (Citations omitted.)" State v. Johnston, 476 So.2d 551, 553 (La.App. 1st Cir.1985).
Defendant was found guilty of violating La.R.S. 14:34.1, second degree battery, which carries a penalty of a fine not to exceed $2,000 or imprisonment with or without hard labor for not more than five years or both. La.R.S. 14:34.1. Herein, defendant was sentenced to a term of imprisonment of four years at hard labor, and no fine was imposed.
At defendant's sentencing hearing prior to imposition of sentence, the trial court invited comments from defense counsel, who initially declined the offer, and from the assistant district attorney. The assistant district attorney responded that he felt constrained to comment and urged the trial court to impose the maximum term of imprisonment even in the absence of any prior felony conviction of defendant. He pointed out in his comments that the original charge for which defendant had been tried was aggravated battery by virtue of defendant's having severely beaten a man with a baseball bat and that the jury had returned a verdict of guilty of second degree battery. In support of imposition of the maximum penalty, the assistant district attorney directed the trial court's attention to the severity of the assault and defendant's having taken the stand in denial of any complicity in the crime. In response, defense counsel directed the trial court's attention to defendant's youth[2] and his first felony offender status and urged leniency in sentencing.
In sentencing defendant, the trial court took cognizance of the provisions of La.C. Cr.P. art. 894.1, which sets forth guidelines for sentencing. The trial court opined it was concerned about the bizarre nature of the instant crime, a seemingly totally unprovoked crime. The trial court further opined that defendant is a totally unpredictable individual, seemingly docile now and obviously irrational at the time the offense was committed. The trial court noted that, because of defendant's unpredictable nature, there would be an undue risk during a period of suspended sentence or probation that defendant would commit another crime, although defendant has no prior felony record.[3]
In light of the circumstances, the sentence is neither grossly disproportionate to the severity of the crime nor a needless imposition of pain and suffering. Therefore, it is not excessive and is within the discretion of the court.
This assignment lacks merit.
*650 Therefore, the conviction and sentence is affirmed.
AFFIRMED.
NOTES
[1] La.C.Cr.P. art. 789 provides as follows:

The court may direct that one or two jurors in addition to the regular panel be called and impaneled to sit as alternate jurors. Alternate jurors, in the order in which they are called, shall replace jurors who become unable to perform or disqualified from performing their duties prior to the time the jury retires to consider its verdict. Alternate jurors shall be drawn in the same manner, shall have the same qualifications, shall be subject to the same examination and challenges for cause, shall take the same oath, and shall have the same functions, powers, facilities, and privileges as the principal jurors. The regular peremptory challenges allowed by law shall not be used against the alternate jurors. The court shall determine how many additional peremptory challenges shall be allowed, and each defendant shall have an equal number of such challenges. The state shall have as many peremptory challenges as the defense. The additional peremptory challenges may be used only against alternate jurors. An alternate juror who does not replace a principal juror shall be discharged when the jury retires to consider its verdict.
[2] At trial, defendant stated that he was twenty seven years old.
[3] The record does reflect defendant has a prior conviction for simple battery.