WATKINS, Judge.
Bruce David Miley was indicted by the Washington Parish Grand Jury for one count of aggravated rape, in violation of LSA-R.S. 14:42, and two counts of indecent behavior with juveniles, in violation of LSA-R.S. 14:81. The state reduced the charge of aggravated rape to the responsive offense of sexual battery, in violation of LSA-R.S. 14:43.1. Defendant then entered guilty pleas to each of the three counts. The trial court imposed a sentence of four years at hard labor for the conviction of sexual battery and two years at hard labor for both of the counts of indecent behavior with juveniles. The court further ordered that all of the sentences are to be served consecutively to each other, for a total of eight years. Defendant appealed, urging as his only assignment of error that the sentences imposed are excessive.[1]
FACTS
According to the facts contained in the presentence investigation report, defendant was charged with sexual activity involving the daughters of his brother’s girlfriend. The incidents occurred while defendant was baby-sitting the children, one of whom was eleven and the other five years of age at the time of the offenses. Defendant was *662 twenty-six years of age. After his arrest, defendant gave a statement in which he denied raping the older victim but admitted that he initiated sexual activity with her. According to this statement, defendant revealed that he had been “playing” with the victim for four or five years. Defendant contended, however, that the contact was voluntary. He denied involvement with the younger victim.
EXCESSIVE SENTENCE
Defendant submits that the sentences are severe in light of the mitigating circumstances known to the trial court. Defendant further contends that the sentences are excessive because they are to be served consecutively.
Defendant claims the trial court failed to give adequate consideration to his status as a first felony offender. He also argues that the court failed to consider the fact that he is handicapped because he is missing his left hand and that his father has a heart condition and requires assistance.
A sentence may be excessive either by reason of its length or because the circumstances warrant a less onerous sentencing alternative. State v. Johnston, 476 So.2d 551 (La.App. 1st Cir.1985). A sentence is excessive when it is grossly out of proportion to the severity of the offense or nothing more than the needless and purposeless imposition of pain and suffering. To determine whether or not a penalty is grossly disproportionate to the crime, the court should consider the punishment and the crime in light of the harm to society and whether or not the penalty is so disproportionate as to shock our sense of justice. State v. Bonanno, 384 So.2d 355 (La.1980). While not controlling, the fact that the accused received a greatly reduced penalty exposure because he entered a plea bargain should be considered as a factor in determining whether or not the sentence imposed in accordance therewith is excessive. See State v. Smack, 425 So.2d 737 (La. 1983). Because of the wide discretion afforded the trial court in imposing sentence, a sentence within statutory limits will not be set aside as excessive in the absence of a manifest abuse of discretion.
In imposing sentence, the trial court stated that any lesser sentence would deprecate the seriousness of the offenses. The court further noted that the victims of the offenses were very young and that incarceration was necessary to protect them from further activities by defendant. Implicit in this finding is an acknowledgement by the court that contact between the defendant and the victims was likely to continue because of the relationship between defendant’s brother and the mother of the victims. Moreover, the trial court obviously discredited defendant’s denial of sexual activity with the younger victim and his subsequent disavowal of the entire statement made to law enforcement officers after his arrest. It is apparent, moreover, that the trial court was influenced by the shocking effect defendant’s actions had upon, the children, as related by the social worker involved in the investigation and by the children’s foster mother.[2]
The trial court is required to state for the record the considerations and factual basis for imposing the sentence given. See LSA-C.Cr.P. art. 894.1; State v. Benton, 453 So.2d 993 (La.App. 1st Cir.), writ denied, 457 So.2d 17 (La.1984). However, the court need not articulate every aggravating and mitigating circumstance; the record need only reflect that adequate consideration was given to the guidelines provided in LSA-C.Cr.P. art. 894.1. Even if the trial court did not comply with LSA-C. Cr.P. art. 894.1, this court need not remand the case for resentencing unless the sentence imposed is apparently severe in relation to the particular offender or the offense committed.
We find that the trial court substantially complied with the sentencing criteria of LSA-C.Cr.P. art. 894.1. Although the *663 trial court did not set forth extensive reasons to justify the sentence imposed, the record reflects that the court presented an adequate factual basis. Moreover, the maximum sentence the court could have imposed for the conviction of sexual battery is ten years, with or without hard labor; and the maximum sentence the court could have imposed for the convictions of indecent behavior with juveniles is seven years, with or without hard labor. Therefore, contrary to defendant’s assertions, the sentences are actually within the lower range of those authorized and are not apparently severe.
Defendant also argues that the sentences are severe in light of their consecutive nature. He contends that the offenses constituted a single act or series of acts. Therefore, he claims, LSA-C.Cr.P. art. 883 provides that concurrent sentences should be imposed.
The indictment charges that each of the crimes occurred in February, 1985. However, although defendant committed the offenses within a short period of time, the crimes themselves are not identical and were committed against separate victims. Therefore, we do not find that the incidents constituted a single act or series of acts arising out of the same conduct for which concurrent sentences are preferred. Moreover, even if these occurrences could be deemed part of the same overall scheme, they were separate and distinct enough to justify consecutive sentences. See State v. Ester, 490 So.2d 579 (La.App. 2d Cir.1986).
We note, however, that the trial court did not specifically justify the imposition of consecutive sentences. See State v. Rogers, 468 So.2d 1357 (La.App. 1st Cir.1985). However, defendant does not complain of the court’s failure to do so. Consecutive sentences are justified when the offender poses an unusual risk to the public safety. State v. Lewis, 430 So.2d 1286 (La.App. 1st Cir.), writ denied, 435 So.2d 433 (La.1983). Prior to imposing sentence, the trial judge ordered a pre-sentence investigation report. The pre-sentence report was based on conclusions rationally derived from information from identifiable sources and supports the imposition of consecutive sentences. See State v. Johnston, supra. The court noted that substantial sentences were necessary in order to protect the victims and society. We find the sentences are not excessive because the court ordered that they be served consecutively.
We find, therefore, that the sentences imposed are not excessive. Defendant received a substantial reduction of penalty exposure by the state’s agreement to reduce the charge of aggravated rape, for which he could have received a term of life imprisonment without benefit of probation, parole or suspension of sentence, to a charge of sexual battery. The court imposed sentences that are at the lower range of those permissible. The total amount of the sentences, eight years, is not shocking in light of the harm done by defendant’s actions. This assignment of error has no merit.
The sentences are affirmed.
SENTENCES AFFIRMED.

. Defendant also lists a second assignment of error in which he claims the convictions should be reversed because of error patent on the face of the record. In brief, defendant requests only that this court review the record for patent errors and reverse if such an error is found. This court routinely reviews every criminal appeal for patent error. A review of the record before us does not reveal error.

. According to the presentence report, the five year old victim (now seven years of age) attempts to instigate sexual activity with'various males, including her twin brother, and has been observed engaging in inappropriate activity with her teddy bear. The older victim has also experienced severe social problems, including an inability to trust adults.