CARTER, Judge.
Defendant, Sam Braxton, was charged by bill of information with third offense driving while intoxicated, in violation of LSA-R.S. 14:98. Defendant pled guilty as charged and was sentenced to serve three years in the custody of the Sheriff of East Baton Rouge Parish, the first six months to be served without benefit of probation, parole, or suspension of sentence. Defendant appealed urging that the sentence imposed was excessive. This Court held that the trial court failed to individualize the sentence as required by LSA-C.Cr.P. art. 894.-1, and that the sentence imposed was based solely upon the status of the crime, third offense DWI. In an opinion not designated for publication, we vacated the sentence and remanded the case for resentencing. State v. Braxton, 498 So.2d 302 (La.App. 1st Cir.1986). Pursuant thereto, the trial court imposed the same sentence on defendant. Defendant again appeals, urging as his sole assignment of error that the trial court erred in imposing an excessive sentence and failing to comply with the sentencing guidelines of LSA-C.Cr.P. art. 894.1. Specifically, defendant claims that the trial court failed to give proper consideration to two factors, namely whether the character and attitude of defendant indicate that he is unlikely to commit another crime and whether defendant’s imprisonment would entail an excessive hardship on him or his dependents.
Article I, Section 20, of the Louisiana Constitution of 1974 prohibits the imposition of excessive punishment. Although a sentence may be within statutory limits, it may violate a defendant’s constitutional right against excessive punishment and is subject to appellate review. State v. Sepulvado, 367 So.2d 762 (La.1979). Generally, a sentence is considered excessive if it is grossly disproportionate to the severity of the crime or is nothing more than the needless imposition of pain and suffering. A sentence is considered grossly disproportionate if, when the crime and punishment are considered in light of the harm to society, it is so disproportionate as to shock one’s sense of justice. State v. Reed, 409 So.2d 266 (La.1982). A trial judge is given wide discretion in the imposition of sentences within statutory limits, and the sentence imposed should not be set aside as excessive in the absence of manifest abuse of discretion. State v. Lanclos, 419 So.2d 475 (La.1982).
LSA-C.Cr.P. art. 894.1 sets forth items which should be considered by the trial judge before imposing sentence. The trial judge need not recite the entire checklist set forth in art. 894.1, but the record must reflect that he adequately considered the guidelines. State v. Davis, 448 So.2d 645 (La.1984). A review of the individual *809 sentence should consider the circumstances of the crime and the trial court’s stated reasons and factual basis for its sentencing decision. State v. Cox, 369 So.2d 118 (La.1979).
The resentencing record reflects that the trial court imposed the same sentence because it felt that the seriousness of the offense mandated the sentence imposed. The court stated that, at the Boykin examination, defendant was advised that if he pled guilty the sentence imposed would be three years imprisonment, the first six months to be served without benefit of probation, parole, or suspension of sentence. Defendant did plead guilty, and the court ordered a pre-sentence investigation to determine whether a lesser sentence was warranted. The trial court noted that the report indicated that defendant had not been employed in three years, yet had no disability. Defendant received three DWIs within a period of one and one-half years. On this particular offense, defendant had a .21% PEI test reading.
Defendant informed the court that he did not work for three years because he was hurt. He had two discs removed from his back. The trial court stated that it was possible for the pre-sentence report to be incorrect; however, the fact that defendant has not worked in three years was not one of the primary reasons for the sentence it imposed.
When the trial court recites some of the factors of art. 894.1, such as defendant’s lengthy criminal record or the risk that defendant would commit other crimes, a factual basis for the sentence is present and it is not necessary for the trial court to enumerate each factor under the article. State v. Lewis, 489 So.2d 1055 (La.App. 1st Cir.1986), writ denied, 493 So.2d 1218 (La.1986). We conclude that the trial court did not abuse its discretion in imposing sentence. Furthermore, this sentence is not a needless and purposeless imposition of pain and suffering, nor is it grossly out of proportion to the severity of the offense.
LSA-R.S. 14:98 D provides that a third DWI offender shall be sentenced to prison with or without hard labor for not less than one nor more than five years and may be fined not more than one thousand dollars. Six months of the prison sentence must be imposed without benefit of probation, parole, or suspension of sentence. Defendant herein was sentenced to three years in prison without hard labor, the first six months without benefit of probation, parole, or suspension of sentence. No fine was imposed. Under the circumstances, we cannot say that this sentence is excessive. Therefore, this assignment of error is without merit.
For the above reasons, defendant’s sentence is affirmed.
AFFIRMED.