681 So.2d 1280 (1996)
STATE of Louisiana,
v.
Thomas McALISTER.
No. 95 KA 1683.
Court of Appeal of Louisiana, First Circuit.
September 27, 1996.
Rehearing Denied November 13, 1996.
Steve LeBlanc, Baton Rouge, for Defendant-Appellant, Thomas McAlister.
Doug Moreau, District Attorney, Gwendolyn K. Brown, Asst. District Attorney, Baton Rouge, for Plaintiff-Appellee, State of La.
Before SHORTESS and LeBLANC, JJ., and TANNER, J. Pro Tem.[1]
THOMAS W. TANNER, Judge Pro Tem.
Thomas McAlister was charged by bill of information with driving while intoxicated, third offense, a violation of La. R.S. 14:98. He pled guilty, and the court sentenced him to serve a term of three years imprisonment at hard labor, with six months served without benefit of parole, probation, or suspension of sentence. The court gave defendant credit for time served. Defendant filed a motion to reconsider sentence, which the court denied. He has appealed, urging four assignments of error.
According to testimony presented at the preliminary examination, on January 17, 1994, Trooper Terry Mayeaux observed defendant driving at a high rate of speed. At the time, Mayeaux was stopped on the shoulder of a four-lane highway. Although Mayeaux was in a marked unit, defendant made *1281 no attempt to slow down. When Mayeaux started the pursuit, he was unable to close the distance between the two vehicles despite traveling in excess of 80 mph. Mayeaux noticed defendant driving erratically, changing from lane to lane without signaling and swerving within his lane. When Mayeaux attempted to stop defendant, defendant stopped on the shoulder. As Mayeaux got out of his unit, defendant drove off and stopped on the service road. When Mayeaux again started to get out of his unit, defendant pulled off but finally stopped at a nearby business. At the hearing, Mayeaux described how defendant's physical appearance and speech indicated intoxication. During the field sobriety test, defendant had difficulty following instructions and was noticeably impaired. Results of the breath test revealed defendant's blood alcohol concentration was .143 percent.
In four related assignments of error, defendant attacks the sentence imposed. He argues the sentence is far in excess of that called for in the Sentencing Guidelines and is constitutionally excessive. He maintains the court abused its discretion when it ignored the recommendation contained in the presentence investigation report to place defendant on probation, and he contends the court erred when it denied the motion to reconsider sentence. In particular, defendant claims the record does not show the court considered the Guidelines. He also contends the court overlooked several mitigating factors, imposed a sentence which is excessive when compared to sentences imposed in similar cases, and abused its discretion by not sentencing him to home incarceration.
The penalty for DWI third offense is imprisonment with or without hard labor for not less than one year nor more than five years, with at least six months of the sentence served without benefit of probation, parole, or suspension of sentence. The court also may impose a fine of not more than two thousand dollars. La. R.S. 14:98(D). Defendant's sentence of three years imprisonment at hard labor, with six months served without benefit of parole, probation, or suspension of sentence, is in compliance with the statutory requirements.
Defendant was sentenced on April 27, 1995. Prior to its recent amendment, article 894.1(A) of the Code of Criminal Procedure required a trial court to consider the sentencing guidelines promulgated by the Louisiana Sentencing Commission.[2] Provided the court complied with the requirements of former article 894.1, it had "complete discretion to reject the Guidelines and impose any sentence which is not constitutionally excessive, but is within the statutory sentencing range for the crime of which a defendant has been convicted...." State v. Smith, 93-0402, p. 3 (La.7/5/94), 639 So.2d 237, 240 (on rehearing) (footnote omitted).
When the court imposed sentence, it did not specifically mention the Sentencing Guidelines. However, the Sentencing Guidelines calculation is contained in the presentence investigation report, and the court indicated it had reviewed the report. Thus, the court "considered" the sentencing guidelines; and we are limited to a review of the sentence for constitutional excessiveness. See Smith, 93-0402, p. 3, 639 So.2d at 240.
Article I, section 20, of the Louisiana Constitution prohibits the imposition of excessive punishment. A sentence is constitutionally excessive if it is grossly disproportionate to the seriousness of the offense or is nothing more than a purposeless and needless infliction of pain and suffering. A sentence is grossly disproportionate if, when the crime and punishment are considered in light of the harm to society, it shocks the sense of justice. The sentence imposed will not be set aside absent a showing of manifest abuse of the trial court's wide discretion to sentence within statutory limits. State v. Lobato, 603 So.2d 739, 751 (La.1992). A sentence may be excessive either by reason of its length or because the circumstances warrant a less onerous sentencing alternative. State v. Waguespack, 589 So.2d 1079, 1086 (La. App. 1st Cir.1991), writ denied, 596 So.2d 209 (La.1992).
Before imposing sentence, the court referred to the PSI and noted defendant had *1282 prior DWI convictions from 1990, 1991, and 1993. When defendant was interviewed for the PSI, he told the agent he had used marijuana, cocaine, and LSD in the past. He also told the agent the only treatment he had attempted since the most recent arrest was to read about alcoholism. As recently as the night before the interview, defendant had been drinking. The court concluded a term of incarceration was necessary to impress upon defendant the seriousness of his conduct. Acknowledging the PSI said defendant appeared to be an acceptable candidate for supervised probation, the court rejected this recommendation and said it believed the mandatory minimum term of actual imprisonment (six months) was not sufficient.
At a hearing held on defendant's motion to reconsider sentence, defendant presented testimony concerning the need for him to be out of jail to support his two children, his fiance, and his fiance's child. Testimony also showed defendant was a diligent and capable project manager for a company which provides temporary labor. In refusing to reconsider the sentence, the court said it was aware of defendant's work and family circumstances and had taken defendant's position as a productive member of society into consideration. The court also noted defendant continued to have alcohol-related problems despite having completed the conditions of probation for the three previous DWI convictions.
When defendant was questioned about the facts of the offense in his interview for the PSI, he denied he had been intoxicated and said he was not aware he had been driving erratically. Considering the facts of the offense, the court was justified in concluding defendant did not appreciate the seriousness of his drinking problem. The court was not bound by the conclusion of the probation agent that defendant was an acceptable candidate for supervised probation. The statute required that at least six months be served without benefit of probation or suspension of sentence, and we find no abuse of discretion in the court's decision not to suspend the remainder of the sentence. In his brief to this court, defendant has cited several cases where lesser sentences were imposed upon other persons convicted of DWI third offense. However, it is well-settled that sentences must be individualized to the particular offender and the offense committed. We find little value in making such sentencing comparisons. See State v. Thomas, 572 So.2d 681, 685 n. 3 (La.App. 1st Cir.1990), writ denied, 604 So.2d 994 (La. 1992).
We also find no error in the court's refusal to sentence defendant to home incarceration in lieu of imprisonment. See La.Code Crim. P. art. 894.2. Although defendant mentioned home incarceration in the written motion to reconsider sentence, he did not argue this at the hearing held on the motion. Considering defendant's criminal record and his repeated refusal to secure treatment for his alcohol problem, the sentence imposed is not constitutionally excessive. We find no merit in the assignments of error.
CONVICTION AND SENTENCE AFFIRMED.
NOTES
[1] Judge Thomas W. Tanner, retired, is serving as judge pro tempore by special appointment of the Louisiana Supreme Court.
[2] Art. 894.1 was amended by 1995 La. Acts No. 942, § 1 (effective Aug. 15, 1996).