JaFITZSIMMONS, Judge.
Defendant, Laurie C. Wilder Maschek, was charged by bill of information with two counts in violation of La. R.S. 40:966 A(l): production and manufacture of a controlled dangerous substance under schedule I (marijuana), and possession of a schedule I controlled dangerous substance with intent to distribute (marijuana). Defendant entered a Crosby plea to both counts. The trial court sentenced her on each count to eight years at hard labor, but suspended the last five years of the sentences and ordered that she be placed on supervised probation for that period, with special conditions. The sentences were made concurrent. Defendant was also ordered to pay a fine of $5000.00, plus costs. Defendant has now appealed, asserting that her sentences were excessive.
Facts[2]
Pursuant to a tip from an undercover source that defendant and her husband, *515 James E. Masehek, were cultivating marijuana, police obtained a warrant to search their residence on October 12, 1995. The police discovered a “grow room” inride the house ■ containing ten full-sized marijuana plants, another marijuana plant hanging in a closet, and various amounts of marijuana throughout the house. Defendant and her husband were both arrested and charged with the instant offenses.[3]

Assignment of Error

In her assignment of error, defendant argues the sentences imposed by the trial court were excessive, ignored the sentencing guidelines of La.Code Crim. P. art. 894.1 and failed I,«¡to take into.consideration several mitigating factors. Defendant also contends the trial court ignored its promise to follow the sentencing recommendation in the presen-tence investigation report (PSI). After reviewing with perspicacity the particular facts and evidence presented in the case sub judi-ce, we find that the court manifestly erred in its deviation from the sentence recommendation. The sentence is, thus, excessive.' Moreover, the matter merits a remand for a contradictory hearing to consider the issue of any court representations regarding sentencing as part of the guilty plea.
LAW
Article I, Section 20, of the Louisiana Constitution prohibits the imposition of excessive punishment. A sentence is constitutionally excessive if it is grossly disproportionate to the seriousness of the offense or is nothing more than a purposeless and needless infliction of pain and suffering. A sentence is grossly disproportionate if, when the crime and punishment are considered in light of the harm to society, it shocks the sense of justice. State v. McAlister, 95-1683, pp. 3-4 (La.App. 1st Cir. 9/27/96), 681 So.2d 1280, 1281. A sentence may be excessive either by reason of its length or because the circumstances warrant a less onerous sentencing alternative. The sentence imposed will be set aside only upon a showing of manifest abuse of the trial court’s wide discretion to sentence within the statutory limits. McAlister, 95-1683 at p. 4, 681 So.2d at 1281.
In the present case, defendant argues the trial court failed to comply with the sentencing guidelines of La.Code Crim. P. art. 894.1. Specifically, defendant contends the trial court failed to consider the following mitigating factors: defendant had no prior criminal activity; she had led a law abiding life before the commission of the instant crimes; her | criminal conduct neither caused nor threatened serious harm; the criminal conduct was the result of circumstances unlikely to recur; she was likely to respond affirmatively to probationary treatment; and imprisonment would entail excessive hardship to her or her dependents. Defendant contends these circumstances warranted a suspended sentence. The pre-sentence investigation report agrees.
Louisiana Code of Criminal Procedure article 894.1 sets forth factors which should be considered by the trial court before imposing' sentence. A trial court is not bound by the recommendation of the PSI. See McAlister, 95-1683 at pp. 4-5, 681 So.2d at 1282. Although the trial court need not recite the entire checklist set forth in article 894.1, the record must reflect that the court adequately considered the guidelines. State v. Braxton, 509 So.2d 807, 808 (La.App. 1st Cir.), writ denied, 514 So.2d 127 (La.1987). Pursuant, to statutory mandate, the court is required to state the considerations taken into account and the factual basis therefor in imposing sentence. La.Code Crim. P. art. 894.1(C). The goal of La.Code Crim. P. art. 894.1 is, thus, the articulation of a factual basis for the sentence, rather than a rigid or mechanical compliance with its provisions. State v. Lobato, 603 So.2d 739, 751 (La.1992). The guidelines áre designed to give statewide consistency and uniform punishment. They cannot be tossed aside by the trial court.
A review of the individual sentence should consider the circumstances of the crime and the trial court’s stated reasons and factual basis for. its sentencing. State v. *516 Braxton, 509 So.2d at 808-809; State v. Williams, 94-1421, p. 4 (La.App. 1st Cir. 5/20/94); 638 So.2d 665, 667. In imposing sentences upon defendant and her husband, the following comments were made by | 5 the court explaining why it was deviating from the PSI recommendation of suspension of the sentence:
The court is somewhat surprised in the presentence investigation reports. So, considering those reports, it’s somewhat difficult for the court to craft a sentence, and these sentences have got to be appropriate for these individual defendants.
After due consideration, the court has made some various findings and some of these I well understand that they don’t comport with the PSI ... I feel like that this ease requires the court to do what it has to do. Both of these defendants were educated and they knew better than to do what they were doing. It’s true that they were in a position to influence younger people, and they did, especially since Mrs. Maschek [co-defendant] was in the school system. The PSI report points out that this was a very sophisticated operation where these controlled dangerous substances were grown in the home, inside the home, and I understand that their weapons were not part of the — not part of the plea, not part of the charge, but weapons were found in the home.
The court finds and makes the determination that if the court granted outright probation that there would be an undue risk that these defendants would commit another crime, any lesser sentence would deprecate the seriousness of the offenses. Like I said, both of these people should have known better. They went to great pains to conceal, to conceal the actual commission of the crime. I’m convinced that this husband and wife team acted in concert with each other. (Underlining added.)
In written reasons after imposition of the sentence, the court reiterated that “a lesser sentence would deprecate the seriousness of the defendants’ crimes, [sic]” It was pointed out that the defendants had admitted their guilt in possessing and growing marijuana, as well as possession with intent to distribute. The court specifically stated that “there is an undue risk that defendants could repeat this crime if given a sentence of probation.” Finally the court opined that “this married couple engaged in this activity for the purpose of obtaining income from the trafficking of a controlled dangerous substance.” (Underlining added.)
A trial court is not required to render a suspended sentence for a first felony offense, but may consider whatever factors and evidence are deemed important to a determination of |6the best interest of the public and the defendant. State v. Scriber, 605 So.2d 661, 665 (La.App. 2d Cir.1992). In the instant matter, the court’s decision to ignore the recommendation of the PSI and impose a stricter sentence is disturbing because it is based upon unsupported evidentia-ry facts. The conclusion enunciated by the court is predicated upon unsubstantiated inferential reasoning. This record does not support the conclusion.
The district court’s finding that the illegal activity was for the purpose of obtaining income from the trafficking of a controlled dangerous substance is not supported by the data. The evidentiary information in the PSI states only that her husband, James Maschek, “gave him [informant] a quarter-ounce (1/4 oz.) of marijuana.” There was no reference to this defendant’s participation in the transaction, or even a modicum of evidence that even obliquely refers to “income” or monies exchanged between the defendant and the informant. The absence of supportive evidence of a transfer of money exists in spite of the fact that the authorities seized from the home “[i]ncome available for the Masehek’s on file for last year and first quarter of ’95 obtained through the Department of Labor.” Thus, the court erred in its speculation about the sale of marijuana by either party.
The court also made an inference that the defendant’s criminal activity influenced young people. In actuality, however, there is not one scintilla of evidence associating the defendant’s marijuana use with young people. Mrs. Maschek worked for the school system, and had been named “teacher of the *517 year” several years prior to the arrest. There was, however, never any suggestion whatsoever associating drug distribution with a school or her career. The only documentation presented Rto the court was the existence of marijuana in the couple’s home and the giving of marijuana to the informant.
Moreover, there is no evidence of the undue risk cited by the court that this first offense defendant would commit another crime, particularly considering her prior clean record. Due to the fact that defendant had received recognition as “teacher of the year,” a great deal of media attention was focused on the criminal proceeding. Mrs. Maschek had already lost her teaching certificate and job at the time of the PSI. She was prohibited from ever teaching children again. At the time of the PSI investigation, she was attending Narcotics Anonymous meetings, and exhibited extreme remorse for the wrong she had done to society. She expressed particular sorrow for the disappointment she had caused the children she had taught.
Defendant argues the trial court erroneously considered the fact that she was educated as an aggravating factor; whereas, it should have been considered as a mitigating factor. At the time of the PSI, defendant had taken the LSAT and had been accepted at Loyola Law School. She had also received counseling for co-dependency. Her career goal was to work in advocacy for women and children. In this regard, the court concluded that defendants were well aware of the wrongfulness of their conduct. It paradoxically considered defendant’s education to be an element supportive of exceeding the PSI sentence recommendation. Contrarily, the record supports defendant’s claim that imprisonment would cause her excessive hardship and impede her attempts to succeed in her education and ability to perform as a productive citizen within the community. Given the circumstances at hand, the defendant’s lack of a prior criminal record, combined with her educational pursuits in school, her efforts to overcome her co-dependency with counseling, as well as her demonstrated remorse, militate against the court’s Igconclusions. Considering the court’s failure to restrict itself to the evidence at hand, there is a very strong possibility that the relatively serious sentence imposed by the court, as compared to the recommended sentence, is not in the best interest of the public or the defendant. See Scriber, 605 So.2d at 665.
The court’s interpretation that the conduct seemed more heinous because: it occurred in the privacy of defendant’s home, making it difficult to detect; there were no extenuating circumstances excusing the conduct; and defendant apparently was motivated by the prospect of monetary gain, is again not supported by logic. The implication from this line of reasoning is that it might have been less offensive if the marijuana had been grown outside, or in a location with greater accessibility to the public. Finally, the above quoted observation alludes to the existence of weapons in the home; however, there was no charge relative to illegal weapons.
Considering the foregoing, the trial court erred in its failure to articulate a sound factual basis for the sentence. See Lobato, 603 So.2d at 751. Our review of the record presented to us reveals a . “substantial possibility that the defendant’s complaints of an excessive sentence ha[ve] merit.” State v. Wimberly, 414 So.2d 666, 672 (La.1982). The factors and evidence that the court deemed important in its decision to depart from the PSI recommendation are flawed to the extent of manifest error. Weighing the factors appropriate in sentencing in this ¡particular matter; and disregarding the erroneous concerns which motivated the trial judge to impose incarceration for this defendant, it is our conclusion that the judge abused his sentencing discretion. State v. Vampran, 459 So.2d 1333, 1337 (La.App. 1st Cir.1984).
| ¡Lastly, defendant argues the trial court ignored its promise to follow the recommendations made in the PSI, in the event that defendant entered a guilty plea. Defense counsel asserts that the trial court indicated at a pretrial conference that after defendant pled guilty, the court “would abide by the findings of the presentence investigation and sentence the defendants according to the recommendations of that report.” Defense counsel contends the trial court reiter *518 ated its intention to follow the PSI recommendation at the Boykin hearing during an off-the-record bench conference.
The following colloquy occurred during the Boykin examination between the court and defendant:
THE COURT: All right, now do each one of you understand that there has been no representation made to you by the Court or the State regarding any sentence that may be imposed, that the Court will order a pre-sentence investigation report and after looking at the report the Court will then impose sentence ?
LAURIE MASCHEK: Yes, I do understand. (Underlining added.)
It is initially noted that the verbiage of the court employs the customary statements made prior to a guilty plea. If the record is read with scrutiny, the interpretation posed by the defendant on appeal is not inconsistent with the above quoted language. Defendants specifically objected to the sentence at the time of the trial court’s issuance of the sentence. It is very conceivable that defendant was under the impression that “after looking at the report, the court [would] then impose [the] sentence” recommended by the PSI.
Accordingly, this matter is remanded for a contradictory hearing on whether the court made any representations regarding sentencing as part of thé guilty plea. We additionally find that the reasoning enunciated by the court for its sentencing adjudication does not comport with the circumstances of the liocase; it is manifestly erroneous. The sentences are, therefore, vacated and the case is remanded for resentencing in compliance with the views expressed herein.
REMANDED FOR RECONSIDERATION OF REPRESENTATIONS; SENTENCES VACATED AND REMANDED FOR RESENTENCING.
LeBLANC, J., dissents.

. The facts are derived from the prosecutor's recitation at the Boykin hearing of the factual basis supporting defendant's guilty pleas.

. James Masehek also pled guilty to the same charges as defendant and received the same sentences. His appeal of those sentences is the subject of the opinion, rendered this day, in 97 KA 0023.