WILLIAMS, J.
|,The defendant, Anthony L. Evans, was charged by bill of information with sexual battery, a violation of LSA-R.S. 14:43.1. Following a jury trial, the defendant was found guilty as charged. The trial court sentenced the defendant to serve 50 years at hard labor, with 25 years of the sentence to be served without the benefit of parole. The defendant now appeals. For the following reasons, we affirm defendant’s conviction and sentence.
FACTS
The record shows that defendant was the father of a daughter, A.E., who was born in 2002. The defendant lived with the child’s mother, Barbara Sims, and A.E. in a one-bedroom house in Newellton, Louisiana. The evidence demonstrated that the incident occurred in November 2008. At trial, A.E. testified that she was asleep on the couch when defendant picked her up and took her to the bedroom. A.E. stated that defendant touched her between her legs on her private area (“coo coo”) with his hands and his “thing.” A.E. testified that the defendant also stuck his “thing” in her mouth.
A.E. was taken to the hospital the night of the incident for an examination to be performed. Dr. Emma Kruger, an emergency room physician at Riverland Medical Center, completed the rape kit on A.E. Dr. Kruger testified that A.E. had abdominal discomfort, that there was redness and swelling on A.E.’s external genitalia, and that A.E.’s hymen was completely missing, which Dr. Kruger found very unusual for a six-year-old girl. Dr. Kruger stated that *967 while at the hospital, A.E. drew a picture of her father, whom A.E. described as “the bad monster that comes and bothersome,” and a picture of “the snake that comes and bothers me.” Dr. Kruger opined that in such situations, the snake often represents a penis.
Dr. Lauren Bryan, a forensic DNA analyst at the North Louisiana Crime Lab, testified that she conducted the tests on the rape kit evidence. Dr. Bryan stated that she found male DNA on the swab from A.E.’s exterior genital area, that only 1.92% of African American males “cannot be excluded” as the donor of that sample and that the defendant’s DNA was included in that small group. '
At the conclusion of the trial, the jury unanimously found the defendant guilty of sexual battery. At sentencing, the trial court stated that it had reviewed a presen-tence investigation (PSI) report and noted that at the time of the crime, defendant was 51 years old and A.E. was six years old. Defense counsel filed into the record a letter from defendant to the judge. The trial court then sentenced defendant to serve 50 years at hard labor, with 25 years of the sentence to be served without the benefit of parole. This appeal followed.
DISCUSSION
The defendant contends the trial court erred in imposing an excessive sentence. Defendant argues that the 50-year sentence is grossly disproportionate to the offense committed because the court effectively imposed a life sentence.
In reviewing a sentence for ex-cessiveness, the appellate court applies a two-pronged test. First, the record must show that the trial court took cognizance of the criteria set forth in LSA-C.Cr.P. art. 894.1. The trial court Lis not required to list every aggravating or mitigating circumstance so long as the record reflects that it adequately considered the guidelines of the article. State v. Smith, 433 So.2d 688 (La.1983); State v. Watson, 46, 572 (La.App.2d Cir.9/21/11), 73 So.3d 471. The important elements which should be considered are the defendant’s personal history (age, family ties, marital status, health, employment record), prior criminal record, seriousness of offense, and the likelihood of rehabilitation. State v. Jones, 398 So.2d 1049 (La.1981); State v. Ates, 43,327 (La.App.2d Cir.8/13/08), 989 So.2d 259, writ denied, 08-2341 (La.5/15/09), 8 So.3d 581. There is no requirement that specific matters be given any particular weight at sentencing. State v. Taves, 03-0518 (La.12/3/03), 861 So.2d 144; State v. Caldwell, 46,718 (La.App.2d Cir.11/2/11), 78 So.3d 799.
Second, a sentence violates La. Const. Art. 1, § 20 if it is grossly out of proportion to the seriousness of the offense or nothing more than a purposeless infliction of pain and suffering. State v. Dorthey, 623 So.2d 1276 (La.1993). A sentence is grossly disproportionate if, when the crime and punishment are viewed in light of the harm to society, it shocks the sense of justice. State v. Weaver, 2001-0467 (La.1/15/02), 805 So.2d 166.
 The trial court is given wide discretion in the imposition of sentences within the statutory limits. The sentence imposed will not be set aside as excessive absent a manifest abuse of that discretion. State v. Williams, 03-3514 (La.12/13/04), 893 So.2d 7; State v. Thompson, 02-0333 (La.4/9/03), 842 So.2d 330; State v. Diaz, 46,750 (La.App.2d Cir.12/14/11), 81 So.3d 228. On review, an appellate court does not determine whether |4another sentence may have been more appropriate, but whether the trial court abused its discretion. State v. Williams, supra; State v. Free, 46,894 (La.App.2d Cir.1/25/12), 86 So.3d 29.
*968 In 2008, when the crime was committed, LSA-R.S. 14:43.1(0(2) provided that a person convicted of sexual battery on a victim under the age of 13 years when the offender is 17 years of age or older, shall be punished by imprisonment at hard labor for not less than 25 years nor more than life imprisonment. Additionally, at least 25 years of the sentence is to be served without the benefit of parole, probation, or suspension of sentence.
Prior to imposing sentence, the trial court noted that the PSI report listed the defendant’s two prior felony convictions for contributing to the delinquency of juveniles and molestation of juveniles, his three prior misdemeanor convictions and 14 previous arrests. The court stated that the most disturbing aspect of defendant’s criminal record is the two previous felony convictions for sex offenses against small children and noted that this was defendant’s third conviction for deviant, sexual behavior with very young girls.
In considering the guidelines of Article 894.1, the court found that there was an undue risk that defendant would commit another crime if not incarcerated, that defendant was in need of correctional treatment most effectively provided by commitment to an institution and that a lesser sentence would deprecate the seriousness of his offense. As aggravating factors, the court found that defendant’s conduct during the commission of the offense manifested deliberate cruelty to the victim, that defendant wasj^aware the six-year-old victim was physically and psychologically vulnerable because of her youth and that defendant used his status as father to sexually batter his own daughter, knowing that the physical and psychological harm to her would be devastating. The trial court found that no mitigating circumstances were applicable in this case and that defendant had shown no remorse for his “reprehensible” crime. In addition, the court stated that it would be irresponsible to impose a sentence that would permit defendant to ever be free and in the presence of vulnerable young girls again.
The record demonstrates that the trial court provided ample reasons for the imposition of this midrange sentence, which is not disproportionate to the severity of the offense. Considering the facts and circumstances of the offense committed and defendant’s criminal history, especially his propensity to commit .crimes similar to the instant offense, we conclude the trial court did not abuse its discretion in sentencing this defendant. Thus, we cannot say the 50-year sentence imposed is constitutionally excessive. This assignment of error is without merit.
We have reviewed the record for error patent and found none.
CONCLUSION
For the foregoing reasons, the defendant’s conviction and sentence are affirmed.
CONVICTION AND SENTENCE AFFIRMED.