# STATE OF LOUISIANA
# COURT OF APPEAL
# FIRST CIRCUIT

## DOCKET NUMBER
## 2023 KA 0431

### STATE OF LOUISIANA

### VERSUS

### FREDERICK CURTIS MANGRUM

Judgment Rendered: **NOV 0 3 2023**

* * * * *

## ON APPEAL FROM THE
## TWENTY-SECOND JUDICIAL DISTRICT COURT
## WASHINGTON PARISH, LOUISIANA
## DOCKET NUMBER 16-CR10-133283

### HONORABLE WILLIAM H. BURRIS, JUDGE PRESIDING

* * * * *

Warren LeDoux Montgomery
District Attorney
Matthew Caplan
J. Bryant Clark, Jr.
Assistant District Attorneys
Covington, Louisiana

Attorneys for State of Louisiana


Katherine M. Franks
Louisiana Appellate Project
Madisonville, Louisiana

Attorney for Defendant-Appellant
Frederick C. Mangrum

BEFORE:   THERIOT, PENZATO, AND GREENE, JJ.

**GREENE, J.**

The State charged the defendant, Frederick Curtis Mangrum, by amended bill of information, with sexual battery on a victim under the age of thirteen years, a violation of La. R.S. 14:43.1(C)(2). The defendant pled not guilty. After a trial, the jury found him guilty as charged by unanimous verdict. The trial court sentenced the defendant to forty years imprisonment at hard labor without benefit of parole, probation, or suspension of sentence. The defendant filed a motion for reconsideration of sentence, which the trial court denied. On appeal, this Court affirmed the defendant's conviction, vacated the sentence, and remanded for resentencing. *State v. Mangrum*, 20-0243 (La. App. 1 Cir. 2/22/21), 321 So.3d 986, 1003, *writ denied*, 21-00401 (La. 10/1/21), 324 So.3d 1050 *(Mangrum I)*.[1] On remand, the trial court resentenced the defendant to forty years imprisonment at hard labor, specifying that twenty five of those years be without benefit of parole, probation, or suspension of sentence. The defendant now appeals, challenging his sentence as excessive. For the following reasons, we affirm the sentence.

## FACTS

We adopt pertinent facts from this Court's prior opinion in *Mangrum I*:

> B.J., who was eight years old at the time the defendant's trial began on July 8, 2019, testified that her father, the defendant, "digged my private part." The victim identified "tuiee" as her front private part, and again, in regard to that part of her body, stated, "He digged it." When asked what the defendant used to dig in her private part, she stated, "His hand, I think." The victim testified that she lived with her mother, but that the incident occurred during an overnight stay at a family member's home, and that her mother was not present when the incident occurred. The victim testified that the next day, when she returned home, she told her mother what happened, but that her mother did nothing in response. The victim also told her grandmother. The victim did not know how many times the abuse occurred, though she believed it only happened once. ...
>
> The victim's grandmother, A.J., testified that she learned of the incident when the victim came to stay with her in the summer of 2016. A.J. testified that the victim objected when she tried to clean the victim's private area while giving her a bath, noting the victim stated, "I want to do it myself." A.J. initially believed that the victim just wanted to be an independent "big girl." However, after the victim left for a couple of days with her mother and then returned, she exhibited the same reluctance to allow her grandmother to clean her private area during baths. ... [A.J.] ultimately asked the victim, "Has anybody ever, you know, touched you there?" The victim did not initially reply and only looked at A.J., so she added, "Don't, just tell me the truth ... I ain't

---

[1] In *Mangrum I*, 321 So.3d at 1003, we noted patent error in the trial court's failure to wait twenty four hours before imposing sentence after denying the defendant's motion for new trial.

going to get mad." The victim then replied, "Yes, ma'am." When A.J. asked who, the victim replied, "My daddy" and began to cry.

A.J. testified that the victim told her that she was watching television before the incident occurred. As A.J. further testified, the victim told her that the defendant took her into a room, pulled down her lower clothing, laid her back, and "had his fingers down there." ... A.J. called the Office of Child Protective Services ("OCS") in Bogalusa and reported B.J.'s disclosure. On August 1, 2016, A.J. brought the victim with her as she moved to Texas.

In August 2016, Captain David Miller of the Bogalusa Police Department received a referral for this case from the OCS in Bogalusa. ... After learning that the victim's grandmother had also reported the victim's disclosure to child protective services in Texas, Captain Miller went outside of his jurisdiction to contact Lori Hix, a special investigator of the Department of Family and Protective Services ("DFPS") in Texas.

The victim participated in two recorded interviews in Texas, one on August 5, 2016, by Investigator Hix at the home of one of the victim's relatives, and one on August 11, 2015, by Susan Knobloch at the Children's Advocacy Center ("CAC") in Belton, Texas. On August 18, 2016, Gessica Finley, a pediatric forensic nurse coordinator at the McLane Children's Hospital in Temple, Texas, conducted a medical evaluation and an unrecorded interview of the victim. During the three interviews, the victim identified her father, the defendant, as "Bullet." The victim did not disclose any abuse or inappropriate behavior during the interview with Investigator Hix. However, during the CAC interview, the victim described an incident in which her father digitally penetrated her "tuiee" and her "butt." As indicated in Nurse Finley's notes, the victim made a similar claim during the interview at the McLane Children's Hospital.

The defendant testified at trial and confirmed that in 2014 (while he and the victim's mother, D.J., were still together) there was a time period during which he and the victim spent one or two nights at the home of C.M., the victim's adult sister. However, the defendant repeatedly denied ever sexually abusing or touching the victim inappropriately. (Footnotes omitted.)

## EXCESSIVE SENTENCE

In his sole assignment of error, the defendant contends his sentence is unconstitutionally excessive, because he was sixty four years old when resentenced, and the sentence therefore constitutes a "death penalty" as it exceeds his life expectancy. The State argues the defendant cannot challenge his sentence as excessive on appeal, because he failed to move for reconsideration of sentence after resentencing. We disagree.

Louisiana Code Criminal Procedure Article 881.1 pertinently provides:

A.(1) In felony cases, within thirty days following the imposition of sentence or within such longer period as the trial court may set at sentence, ... the defendant may make or file a motion to reconsider sentence.

...

B. The motion shall be oral at the time of sentence or shall be in writing thereafter and shall set forth the specific grounds on which the motion is based.

...

3

E. Failure to make or file a motion to reconsider sentence or to include a specific ground upon which a motion to reconsider sentence may be based, including a claim of excessiveness, shall preclude ... the defendant from raising an objection to the sentence or from urging any ground not raised in the motion on appeal[.]

At resentencing, the trial court acknowledged defense counsel's argument that a forty-year sentence for a sixty-four-year-old defendant was a "life sentence" that would result in him dying in prison. The trial court noted that it continued to believe that a forty-year sentence at hard labor was appropriate, but "given [the defendant's] age," it would deviate from that sentence by allowing the defendant to be parole eligible after serving twenty-five years of the sentence. Defense counsel then noted his objection to the sentence as a whole and informed the court that defendant would challenge the excessiveness of the sentence by appeal.

Defense counsel's remarks constituted an oral motion to reconsider sentence made at the time of sentencing, alerting the trial court of specific problems with the sentence, i.e., defense counsel felt it was excessive. Moreover, defense counsel objected at a time when the trial court could take corrective action, thus, obviating the need for the defendant to file a written motion to reconsider sentence after sentencing. See La. C.Cr.P. art. 881.1(B); State v. Caldwell, 620 So.2d 859 (La. 1993); State v. Sanchez, 18-0099 (La. App. 1 Cir. 10/18/18), 2018 WL 5077788, *1, n.1 (unpublished). Additionally, because the trial court specifically considered the claim that the sentence was excessive due to the defendant's age, defense counsel was not required to allege any more specific ground than that the sentence was excessive to preserve the instant claim for review. See State v. Mims, 619 So.2d 1059, 1059-60 (La. 1993) (per curiam).

Louisiana Code of Criminal Procedure article 894.1 sets forth criteria the trial court must consider before imposing a sentence. The trial court need not recite the entire checklist of La. C.Cr.P art. 894.1, but the record must reflect that it adequately considered the criteria. State v. Moore, 12-0876 (La. App. 1 Cir. 2/15/13), 2013 WL 595670, *2 (unpublished), writ denied, 13-0600 (La. 10/11/13), 123 So.3d 1216. In light of the criteria, a review for individual excessiveness should consider the circumstances of the crime and the trial court's stated reasons and factual basis for its sentencing decision. Id. Remand

4

for full compliance with La. C.Cr.P. art. 894.1 is unnecessary when a sufficient factual basis for the sentence is shown. *Id.*

The Eighth Amendment to the United States Constitution and Louisiana Constitution Article I, §20 prohibit the imposition of excessive punishment. Although a sentence is within statutory limits, it may violate a defendant's constitutional right against excessive punishment and is subject to appellate review. *State v. Alexander,* 21-1346 (La. App. 1 Cir. 7/13/22), 344 So.3d 705, 725. Generally, a sentence is considered excessive if it is grossly disproportionate to the severity of the crime or is nothing more than the needless imposition of pain and suffering. *Id.* A sentence is considered grossly disproportionate if, when the crime and punishment are considered in light of the harm to society, it is so disproportionate as to shock one's sense of justice. *Id.* A trial court is given wide discretion in the imposition of sentences within statutory limits, and an appellate court should not set aside the sentence in the absence of an abuse of that discretion. *State v. Allen,* 05-1622 (La. App. 1 Cir. 3/29/06), 934 So.2d 146, 156.

Whoever commits the crime of sexual battery on a victim under the age of thirteen years when the offender is seventeen years of age or older shall be punished by imprisonment at hard labor for not less than twenty five years nor more than ninety nine years. At least twenty five years of the sentence imposed shall be served without benefit of parole, probation, or suspension of sentence. La. R.S. 14:43.1(C)(2). The trial court resentenced the defendant to forty years imprisonment at hard labor with twenty five years to be served without benefit of parole, probation, or suspension of sentence. The trial court cited the facts of the case and what it had heard at trial.[2] The court found any lesser sentence would deprecate the seriousness of the crime, and the defendant needed correctional treatment. *See* La. C.Cr.P. art. 894.1(A)(2) and (A)(3). In response to defense counsel's argument at the resentencing hearing, the trial court considered the defendant's age as a mitigating factor and reduced the parole restriction of the original sentence imposed. However, the trial court apparently felt the aggravating factors prevented the reduction of the number of years of incarceration imposed.

---

[2] At the original sentencing hearing, the trial court indicated it had ordered a presentence investigation (PSI). The PSI indicated the defendant had been convicted of possession of cocaine on three separate occasions.

5

The defendant references three cases, wherein lesser sentences were imposed for allegedly similar conduct, to support his assertion that his sentence is excessive. In *State v. Bridgewater*, 22-517 (La. App. 5 Cir. 4/26/23), 362 So.3d 998, the defendant was sentenced to thirty years imprisonment at hard labor without the benefit of parole, probation, or suspension of sentence for sexual battery of his daughter on multiple occasions over a period of about five years, beginning when she was five or six years old. In *State v. Evans*, 48,471 (La. App. 2 Cir. 12/18/13), 130 So.3d 965, the defendant was sentenced to fifty years imprisonment at hard labor, with twenty five years of the sentence to be served without the benefit of parole for sexual battery of his six-year-old daughter; the offense was the defendant's third conviction for deviant, sexual behavior with very young girls. And, in *State v. Johnson*, 11-1213 (La. App. 4 Cir. 2/7/13), 109 So.3d 994, *writ denied*, 2013-0554 (La. 11/1/13), 124 So.3d 1106, the defendant was sentenced to twenty five years imprisonment at hard labor without benefit of probation, parole or suspension of sentence for sexual battery of a six-year-old child; the defendant was seventy one years old at the time of trial. The defendant's reliance on *Bridgewater*, *Evans*, and *Johnson* is misplaced. It is well settled that sentences must be individualized to the particular offender and the offense committed. *State v. McAlister*, 95-1683 (La. App. 1 Cir. 9/27/96), 681 So.2d 1280, 1282.

We also reject the defendant's argument that the trial court imposed the sentence without consideration of the defendant's obligations to register as a sex offender and be electronically monitored. The trial court is presumed to know the law, and there is nothing in the record to indicate that the trial court failed to consider any and all consequences to the defendant resulting from his conviction. *See State v. St. Cyre*, 19-0034 (La. App. 1 Cir. 12/19/19), 292 So.3d 88, 110, *writ denied*, 20-00142 (La. 5/26/20), 296 So.3d 1063.

The defendant had a minimum sentencing exposure of twenty five years at hard labor without benefit of parole, probation, or suspension of sentence and a maximum sentencing exposure of ninety-nine years at hard labor, with twenty five years of the sentence without benefit of parole, probation, or suspension of sentence. La. R.S. 14:43.1(C)(2). A thorough review of the record reveals the trial court adequately considered the criteria of La. C.Cr.P. art. 894.1 and did not manifestly abuse its discretion in imposing the sentence herein. The

trial court specifically referenced La. C.Cr.P. art. 894.1(A)(2) and (A)(3) and generally referenced the trial record. The record establishes the defendant knew or should have known that B.J. was particularly vulnerable or incapable of resistance due to her extreme youth. The defendant used his status as her father to facilitate the commission of the offense. *See* La. C.Cr.P. art. 894.1 (B)(2) and (B)(4). Further, the sentence imposed was not grossly disproportionate to the severity of the offense, and thus, was not unconstitutionally excessive. The assignment of error is meritless.

**SENTENCE AFFIRMED.**